# Exhibit 1

**TO DECLARATION OF MARY S. THOMAS IN SUPPORT OF
LEAD PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER'S ORDER
ON DEFENDANTS MARSH & MCLENNAN COMPANIES, INC.'S AND
MARSH, INC.'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE
DOCUMENTS RESPONSIVE TO DEFENDANTS' FIRST AND
SECOND DOCUMENT REQUESTS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                        :
IN RE MARSH & McLENNAN COMPANIES, INC.     :     Master File No.
SECURITIES LITIGATION                                   :     1: 04-CV-8144 (SWK)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DEFENDANTS MARSH & MCLENNAN COMPANIES, INC.'S AND MARSH INC.'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS RESPONSIVE TO DEFENDANTS' FIRST AND SECOND DOCUMENT REQUESTS

Defendants Marsh & McLennan Companies, Inc. ("MMC") and Marsh Inc. ("Marsh"),

(collectively the "Marsh Defendants"), hereby move, pursuant to Federal Rule of Civil Procedure

37(a) and Local Rule 37.2, to compel the production of the following categories of documents in

the possession of the Lead Plaintiffs and requested in the Marsh Defendants' First and Second

Requests for the Production of Documents:

(1) Documents concerning the confidential sources referred to in plaintiffs' Complaints, including, but not limited to, documents sufficient to identify each and every confidential source (Defendants Marsh & McLennan Companies, Inc.'s and Marsh Inc.'s First Request for the Production of Documents ("First Doc. Req."), Exhibit A, No. 26);

(2) Documents provided to plaintiffs by the confidential witnesses referred to in plaintiffs' Complaints (Defendants Marsh & McLennan Companies, Inc.'s and Marsh Inc.'s Second Request for the Production of Documents ("Second Doc. Req."), Exhibit B, No. 1);

(3) Documents provided by plaintiffs to the confidential witnesses referred to in plaintiffs' Complaints (Second Doc. Req. No. 2);

(4) Documents concerning any securities of issuers with insurance-related business that plaintiffs purchased, sold, exchanged, held or otherwise traded or invested in (Second Doc. Req. No. 3); and

(5) Documents concerning any criminal or regulatory investigations or proceedings plaintiffs or any of plaintiffs' current or former officers, directors, representatives, affiliates or agents have been involved in at any time (First Doc. Req. No. 18).

I.    **The Marsh Defendants Are Entitled To Documents Relating To The Confidential Witnesses Identified In The Complaints**

The Marsh Defendants seek the production of documents concerning 17 confidential witnesses cited in plaintiffs' Consolidated Class Action Complaint and Second Amended Consolidated Class Action Complaint ("SAC"), including documents sufficient to identify each witness and documents provided to and from these witnesses.

Information relating to these 17 confidential witnesses is clearly relevant to the claims in this case as plaintiffs rely on information they purportedly received from these witnesses to support their central allegations. *See* SAC ¶ 187 (alleging that "CW9 described how Global Broking in New York used the phony bid process to ensure that the Phoenix office placed business with Marsh Inc.'s so-called "'Preferred Marsh Underwriters'"); SAC ¶ 210 (alleging that CW2 stated that "Global Broking came back with 'wrongful' declinations").

Indeed, plaintiffs have not claimed that information relating to these witnesses is not relevant to this case. Instead, plaintiffs have objected to the Marsh Defendants' requests for this information on the grounds that it is protected by the attorney work-product doctrine. *See* Exhibits C and D. However, the Marsh Defendants are not seeking interview notes or other documents prepared by counsel relating to these witnesses. They are only seeking the information concerning these witnesses' identities and documents provided by these witnesses or to them. Such information is not protected by the work product doctrine and is discoverable. *See, e.g.*, *In re Harmonic, Inc. Sec. Litig.*, No. C-00-2287 PJH (EMC), 2007 WL 2701123, at *5 (N.D. Cal. Sept. 13, 2007) (holding that the identities of confidential witnesses were not protected by the work product privilege); *Brody v. Zix Corp.*, No. 3-04-CV-1931-K, 2007 WL 1544638, at * 2 (N.D. Tex. May 25, 2007) (granting defendant's motion to compel production of information concerning the identities of former employees referenced as "confidential sources" in plaintiff's complaint); *In re Theragenics Corp. Sec. Litig.*, 205 F.R.D. 631, 635-36 (N.D. Ga.

2

2002) (holding that the work product doctrine does not shield from discovery the identity of

persons with knowledge of relevant facts, even if such persons were interviewed during the

course of a pre-suit investigation); *In re Aetna Inc. Sec. Litig.*, No. CIV. A. MDL 1219, 1999 WL

354527, at *2 (E.D. Pa. May 26, 1999) (compelling production of information concerning

plaintiffs' sources because the information is "obviously 'relevant to the subject matters involved

in the pending action'" and is "not protected by the attorney work product doctrine").[1]

Moreover, even if the information sought were protected by the work product doctrine

(and it is not), the need for disclosure to avoid wasteful discovery would outweigh any need to

protect this information. In plaintiffs' Initial Disclosures, they identified 362 current or former

employees of the Marsh Defendants who plaintiffs believe have discoverable information. *See*

Exhibit E. Presumably, the 17 confidential witnesses are included on this list. The only purpose

served by plaintiffs withholding the identities of the confidential witnesses at this time, is to

force the Marsh Defendants to depose or interview as many of these 362 individuals as possible

to discern the confidential witnesses' identities. This is not a basis for refusing to produce this

information. *See In re Harmonic, Inc. Sec. Litig.*, 2007 WL 2701123, at *3 (granting

defendants' motion to compel answers to interrogatories regarding identities of confidential

witnesses included on a list of 77 witnesses in initial disclosures, reasoning that "resources

should not be wasted if the relevant information sought will inevitably come to light"); *In re*

---

[1] The Second Circuit has held that plaintiffs are not required to reveal the identities of
confidential sources at the pleading stage so long as there are other sufficient facts or the
source is "described in the complaint with sufficient particularity to support the probability
that a person in the position occupied by the source would possess the information alleged."
*Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000). However, neither *Novak*, nor any other
Second Circuit decision we are aware of, has determined that the identities and documents
relating to confidential sources are immune from disclosure during the discovery stage of a
case.

*Aetna Inc. Sec. Litig.*, 1999 WL 354527, at *4 (finding that the need for the disclosure of confidential sources from a list of 750 individuals with knowledge of the allegations would outweigh any minimal work product protection).[2]

Plaintiffs also object to the disclosure of this information on "public policy" grounds. *See* Exhibits C and D. Plaintiffs, however, have failed to articulate what these "public policy" considerations are. If it is some concern about possible retaliation against these witnesses, there is no basis for such concern. According to plaintiffs, all of their confidential witnesses are no longer employed by the Marsh Defendants. *See* SAC ¶¶ 70-87. Therefore, plaintiffs cannot argue that their employment would somehow be in jeopardy.

In correspondence relating to this issue, plaintiffs have stated that they only will identify those confidential witnesses who will testify at trial and produce documents provided to plaintiffs by those trial witnesses by October 8, 2008. According to plaintiffs, they are not required to do more, because Federal Rule of Civil Procedure 26(a)(1) only requires disclosure of witnesses or documents that may be "used [at trial.]" *See* Exhibit F. Plaintiffs have misstated

---

2    Admittedly, several district court decisions, which are not binding on this Court, have found this information to be privileged and protected from disclosure. In these cases, however, the courts also found that in the particular circumstances, the privilege was not outweighed by defendant's need for the information. *See, e.g., In re Veeco Instruments, Inc. Sec. Litig.*, No. 05MD1695 CMGAY, 2007 WL 274800, at *1 (S.D.N.Y. Jan. 29, 2007) (finding no substantial need because 55 potential witnesses on plaintiffs' list was not an unmanageable number); *Electronic Data Systems Corp. v. Steingraber*, No. 4:02 CV 225, 2003 WL 21653405, at * 3 (E.D. Tex. July 9, 2003) (distinguishing cases because there was no showing of substantial need for information where plaintiff listed only 59 potential witnesses); *In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 389 (S.D. Cal. 2002) (distinguishing the *Aetna* case because plaintiffs had only identified approximately 100 individuals as potential witnesses); *In re MTI Technology Corp. Sec. Litig. II*, No. SACV 00-0745 DOC, 2002 WL 32344347, at *4 (C.D. Cal. June 13, 2002) (distinguishing the *Aetna* case because plaintiffs only provided list of 71 names of current and former employees).

their obligations under this Rule.  Rule 26(a)(1), which governs Initial Disclosures, requires the

disclosure of "each individual likely to have discoverable information – along with the subjects

of that information – that the disclosing party may use to support its claims or defenses." Fed. R.

Civ. P. 26(a)(1)(A).  Contrary to plaintiffs' contention, the Advisory Committee notes to Rule 26

state that a party is required to disclose not only information they will "use at trial," but also

information that they will use at a pretrial conference, to question a witness during a deposition,

or to support a motion.  Adv. Committee Notes, 2000 Amends., Rule 26(a)(1).  Thus, even if

plaintiffs are presently undecided as to whether they will use information from their confidential

witnesses at trial, if they intend to use that information in motion practice, during deposition

discovery or at a pretrial conference, they are still required to disclose that information in their

Initial Disclosures pursuant to Rule 26(a)(1).

     Moreover, regardless of its "use" by plaintiffs, information relating to confidential

witnesses is also discoverable under Federal Rule of Civil Procedure 26(b)(1), which allows

discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense"

including "the identity and location of persons who know of any discoverable matter." Fed. R.

Civ. P. 26(b)(1).  Plaintiffs have not and cannot contend that information relating to these

witnesses that they relied upon in their Complaints is not "relevant to any party's claim or

defense."  Therefore, the fact that plaintiffs have not yet determined whether they will call these

witnesses at trial cannot be a basis for refusing to disclose this information. *See Brody,* 2007 WL

1544638, at *2 (holding that even if plaintiffs did not intend to use confidential sources beyond

the pleading stage, information concerning those sources is clearly within the scope of Rule

26(b)(1)).

     For all of these reasons, plaintiffs should be compelled to produce documents relating to

their confidential sources immediately.

**II.     The Marsh Defendants Are Entitled To Documents Concerning Plaintiffs'
Investments In Insurance-Related Securities**

Plaintiffs also have refused to produce documents relating to their investments in

securities other than MMC Securities.  In an effort to facilitate a compromise, the Marsh

Defendants agreed to limit their requests to information relating to plaintiffs' investments in any

securities of issuers in insurance-related businesses.  *See* Second Doc. Req. No. 3 (Exhibit B).

Plaintiffs have objected to producing even this limited information on numerous grounds,

including that these documents are not relevant.   However, information concerning plaintiffs'

investment history is relevant to issues of plaintiffs' reliance on the Marsh Defendants' alleged

misrepresentations as well as their suitability as class representatives.  Among other things, these

documents could show if plaintiffs had a strategy of investing in insurance-related securities

regardless of the Marsh Defendants' representations or that they were particularly sophisticated

investors.  *See Weintraub v. Texasgulf, Inc.,* 564 F. Supp. 1466, 1471 (S.D.N.Y. 1983) (denying

class certification after discovery revealed that proposed class representative was a

"sophisticated speculative trader whose unusual trading activities will give rise to unique

defenses that may have the ultimate effect of prejudicing members of the proposed class").

Numerous courts have compelled the disclosure of plaintiffs' complete investment

histories.  *See, e.g.,  Degulis v. LXR Biotechnology, Inc.,* 176 F.R.D. 123, 125 (S.D.N.Y. 1997)

(directing putative class representative to produce "monthly account statements for *any* securities

or commodities account maintained by, or on behalf of, plaintiff" because they were relevant to

issues of plaintiff's reliance and suitability as a class representative)(emphasis added);  *In re

Harcourt Brace Jovanovich, Inc. Sec. Litig.,* 838 F. Supp. 109, 113-14 (S.D.N.Y. 1993)

(permitting discovery into plaintiff's complete investment history because named plaintiff's

sophistication is relevant to issue of reliance in fraud-on-market case);  *In re PaineWebber Sec.

Litig.,* 151 F.R.D. 248, 248 (S.D.N.Y. 1993) (directing named plaintiffs to disclose "*all* securities

6

transactions during a thirteen (13) year period") (emphasis added); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00CV01884(DJS), 2005 WL 1366450, at *3 (D. Conn. June 7, 2005) (overruling objections to requests seeking documents sufficient to show plaintiffs' investment portfolios because "the requests at issue seek documents that could assist defendants in rebutting the presumption of reliance arising in the 'fraud on the market' context").

In addition, because the Marsh Defendants have specifically limited their request to documents concerning plaintiffs' investments in insurance-related securities, this request is not unduly burdensome. Indeed, with respect to those account statements containing information relating to MMC Securities, it is more burdensome to redact information concerning plaintiffs' other investments than to produce those documents in full.

For these reasons, the Special Master should compel plaintiffs to produce documents relating to plaintiffs' investments in insurance related securities.

### III.    The Marsh Defendants Are Entitled To Documents Concerning Criminal And Regulatory Investigations And Proceedings Involving Plaintiffs

Since this case began, over 20 individuals employed by or connected to Lead Plaintiff, the Ohio Bureau of Workers Compensation ("BWC"), have been charged with illegal acts relating to the BWC's investment in rare coins, BWC employees' acceptance of money and gifts from fund managers, embezzlement and other illegal acts. *See* Exhibit G. Another Lead Plaintiff, the State of New Jersey Pension Funds, is the subject of SEC and U.S. Attorney's Office investigations relating to a failure to put money into the funds and overstatements of the amounts of contributions into the funds. *See* Exhibit H. The Marsh Defendants are entitled to documents relating to these criminal charges and investigations, as this information bears upon Lead Plaintiffs' adequacy as class representatives and whether Lead Plaintiffs can establish reliance.

Defendants are entitled to discovery to determine whether the requirements of Fed. Rule Civ. P. 23 for certification of a class action have been met. *See Manual for Complex Litigation, Fourth* § 21.141 (2004) (citing availability of discovery to determine adequacy and typicality of putative lead plaintiff); *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library*, 586 F.2d 962, 966 (2d Cir. 1978) (noting availability of discovery to "appraise the adequacy" of class representation) (internal quotations omitted); *Lewis Tree Service v. Lucent Tech.*, 211 F.R.D. 228, 233-34 (S.D.N.Y. 2002) (refusing to permit putative lead plaintiff to serve as class representative after assessing results of discovery addressing typicality and adequacy).

The discovery the Marsh Defendants seek here—information concerning securities-related fraud allegations and criminal proceedings—bears directly on the issue of Lead Plaintiffs' adequacy as class representatives. In class actions, courts consider "the honesty and trustworthiness of a named plaintiff" in assessing "the adequacy of representation." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998). The court may reject a putative lead plaintiff where such qualities are lacking. *Id.*

Indeed, courts in this District have refused to permit plaintiffs to serve as class representatives where those plaintiffs were shown to have engaged in fraudulent activity. *See, e.g., Xianglin Shi v. Sina Corp.*, 2005 U.S. Dist. LEXIS 13176, at *14 (S.D.N.Y. July 1, 2005). ("A class representative, once designated by the Court, is a fiduciary for the absent class members. . . . As such, convictions of fraud or other forms of dishonesty undermine the qualifications of a potential class representative."); *Kornick v. Talley,* 86 F.R.D. 715, 721 (N.D. Ga. 1980) (refusing to permit trustees to serve as lead plaintiffs in securities class action because trustees had breached their fiduciary duties in conduct of trust). Information concerning alleged fraudulent activity is even more relevant, where, as here, investigations or convictions of the lead plaintiff relate to the same types of claims being brought in the case. *Zemel Family Trust v.*

8

*Philips Intern. Realty Corp.,* 205 F.R.D. 434, 436 (S.D.N.Y. 2002) (convictions of the two

plaintiff entities "call[ed] to mind the nature of the very claim that plaintiff alleges in this case,"

and thus "ma[de] him uniquely susceptible to defenses that may not be asserted against class

members." ); *Weisman v. Darneille,* 78 F.R.D. 669, 670 (S.D.N.Y. 1978) (refusing to permit

shareholder who had been convicted of Section 10(b) violation to serve as lead plaintiff in

Section 10(b) suit).

This information is also relevant to the question of whether Lead Plaintiffs can establish

reliance. For example, if the BWC's investment decisions were motivated, not by information in

the marketplace, but instead, by bribes and other incentives, then any presumption of reliance

can be rebutted. This potential defense bears on the merits of the claim brought by Lead

Plaintiffs as well as whether Lead Plaintiffs can satisfy the typicality requirements of Rule 23.

*See In re Harcourt Brace Jovanovich, Inc. Sec. Litig.,* 838 F. Supp. 109, 113 (S.D.N.Y. 1993)

("A named plaintiff who is subject to an arguable defense of non-reliance on the market has been

held subject to a unique defense, and therefore, atypical of the class under Rule 23(a)(3).").

*Harcourt Brace* is instructive. There, the court granted defendants' motion to compel the

production of documents relating to the named plaintiffs' investment history and prior securities

litigations. *Id.* at 109. It held that defendants, in order "to rebut the presumption of reliance that

is established by the fraud on the market theory," were entitled to discovery of documents

tending to show that the named plaintiffs' investment decisions were influenced by some factor

other than the market. *Id.* at 113-14. The court concluded that such discovery was relevant

because evidence tending to show non-reliance would constitute a unique defense against the

named plaintiffs, thus defeating the typicality requirement of Rule 23(a)(3). *Id.* at 113.

Similarly, in *Landry v. Price Waterhouse Chartered Accountants,* 123 F.R.D. 474, 476-77

(S.D.N.Y. 1989), the court denied class certification after discovery demonstrated that the

putative lead plaintiffs had made investment decisions based on non-public information from advisors and not the market. The court concluded that the putative lead plaintiffs were subject to "unique defenses" that defeated the typicality requirement. *Id.* at 477.

The securities-related allegations, investigations and criminal proceedings connected to the Lead Plaintiffs call into question their reliance on the Marsh Defendants' purported misrepresentations and their adequacy as class representatives. For these reasons, the Marsh Defendants' motion to compel the production of information relating to these investigations and proceedings should be granted.

## CONCLUSION

For all of the foregoing reasons, the Marsh Defendants respectfully request the entry of an Order compelling the plaintiffs to produce: (1) documents concerning plaintiffs' confidential sources; (2) documents concerning plaintiffs' investments in insurance-related securities; and (3) documents concerning criminal or regulatory investigations or proceedings involving plaintiffs.

Dated: New York, New York
      February 19, 2008

                    GIBSON, DUNN & CRUTCHER LLP

                    By: _____
                         Wesley G. Howell, Jr. (WH-8660)
                         Mark B. Holton (MH-4939)
                         Jennifer L. Conn (JC-5753)

                         200 Park Avenue
                         New York, New York 10166-0193
                         Phone: (212) 351-4000
                         Fax: (212) 351-4035

                         Attorneys for Defendants Marsh & McLennan
                         Companies, Inc. and Marsh Inc.

100378137_3.DOC

10

## CERTIFICATE OF SERVICE

I, Jennifer L. Conn, hereby certify that on the 19th day of February, 2008, I served the

foregoing Defendants Marsh & McLennan Companies, Inc.'s And Marsh Inc.'s Motion To

Compel Plaintiffs To Produce Documents Responsive To Defendants' First And Second

Document Requests and accompanying exhibits on the following counsel listed below by email

transmission and by placing same in the United States Mail, postage prepaid and properly

addressed:

Special Master L. Peter Parcher
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY 10036

Keith M. Fleischman
GRANT & EISENHOFER, P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017

U. Seth Ottensoser
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street, 22nd Floor
New York, NY 10016

Pamela Chepiga
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

Cyrus Vance
MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.
565 Fifth Avenue
New York, NY 10017

Jennifer L. Conn

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                       :     CIVIL ACTION NO. 04-CV-8144 (SWK)

IN RE MARSH & MCLENNAN COMPANIES,  :
INC. SECURITIES LITIGATION
                       :

------------------------------------x

## DEFENDANTS MARSH & MCLENNAN COMPANIES, INC.'S AND MARSH INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 34 of the Federal

Rules of Civil Procedure (the "Federal Rules") and Rule 26 of the Local Civil Rules of the

United States District Court for the Southern District of New York (the "Local Rules"),

defendants Marsh & McLennan Companies, Inc. and Marsh Inc., by and through their

undersigned attorneys, hereby request that the plaintiffs, and each of them, produce the

documents described below for inspection and copying at the offices of Gibson, Dunn &

Crutcher LLP, 200 Park Avenue, 48th Floor, New York, New York, 10166, or at such other

location as may be mutually agreed by counsel, in the manner and within the deadline prescribed

by the Federal Rules and the Local Rules, and in accordance with the further Definitions and

Instructions below.

### INSTRUCTIONS

1.      This request calls for the production of all of the materials requested

below which are in the possession, custody or control of the plaintiffs as well as any of the

plaintiffs' investment or financial advisor(s) or securities broker(s) or dealer(s), regardless of

location.

2.      If any plaintiff withholds any document, or any portion of any document,

under a claim of privilege, that plaintiff shall produce, in accordance with Rule 26 of the Federal

Rules and Rule 26.2 of the Local Rules, a written privilege log that sets forth: (i) the author of

the document; (ii) the type of document, e.g., letter or memorandum; (iii) the date of the

document; (iv) all recipients of the document; (v) such other information as is sufficient to

identify the document; and (vi) the nature of the privilege asserted.

    3.    If information is redacted from a document produced in response to a

request, the plaintiff shall identify the redaction by stamping the word "Redacted" on the

document at each place where information has been redacted and separately log each redaction

on the privilege log.

    4.    If any requested document has been lost or destroyed, plaintiff shall state

the circumstances of its loss or destruction, including the identity of person(s) having knowledge

as to the circumstances of its loss or destruction and the date of its loss or destruction.

    5.    Documents in electronic form, including but not limited to e-mail, shall

be produced in electronic form and printed out in hard copy form.

    6.    Unless otherwise instructed, these requests pertain to the period of January

1, 1999 through the date of this request.

    7.    This document request is continuing in nature.  If, after producing any

documents in response to this document request, any plaintiff obtains or becomes aware of

additional responsive information, that plaintiff is required to provide such information or

documents by way of a supplemental production.

## DEFINITIONS

    The definitions and rules of construction set forth in Rule 34 of the Federal Rules

and Rule 26.3 of the Local Rules are hereby incorporated and apply to this request for the

production of documents.

1.    "Complaint" shall mean the Consolidated Class Action Complaint in the action pending in the United States District Court for the Southern District of New York captioned In re Marsh & McLennan Companies, Inc. Securities Litigation, Index No. 04-CV-8144 (SWK) and the complaints filed in the actions consolidated therein.

2.    "Lawsuit" shall mean the action filed by the plaintiffs now pending in the United States District Court for the Southern District of New York that is captioned In re Marsh & McLennan Companies, Inc. Securities Litigation, Index No. 04-CV-8144 (SWK).

3.    "Lead Counsel" shall mean the law firms of Grant & Eisenhofer P.A. and Bernstein Liebhard & Lifshitz, LLP.

4.    "Lead Plaintiffs" shall mean the Public Employees' Retirement System of Ohio ("PERS"), the State Teachers' Retirement System of Ohio ("STRS"), the Ohio Bureau of Workers' Compensation ("BWC"), the State of New Jersey, Department of the Treasury, Division of Investment ("New Jersey"), which oversees the Common Pension Fund A, the DCP Equity Fund, and the Supplemental Annuity Fund (collectively the "New Jersey Funds").

5.    "MMC" shall mean Marsh & McLennan Companies, Inc. and any past or present affiliates, parents, subsidiaries, partners, officers, directors, employees, or agents of Marsh & McLennan Companies, Inc.

6.    "Marsh" shall mean Marsh Inc. and any past or present affiliates, parents, subsidiaries, partners, officers, directors, employees, or agents of Marsh Inc.

7.    "MMC-Related Securities" shall mean all securities, investments and financial contracts (including, but not limited to, stocks, bonds, notes, convertibles, debt instruments, warrants, options, futures, currencies, hedge funds, mutual funds and derivative instruments) with or in MMC, Marsh or entities affiliated with or guaranteed by MMC or Marsh.

8.    "Plaintiff" shall include any Lead Plaintiff in this action, and any of their past or present affiliates, parents, subsidiaries, attorneys, accountants, officers, directors, agents, employees, representatives, predecessors-in-interest, successors-in-interest, or any other person acting or purporting to act on their behalf or under their direction or control.

9.    "Refer" shall mean to comprise, reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request or to have been reviewed in conjunction with, or to have been created, generated or maintained as a result of the subject matter of the request.

10.    "Sale" shall include, without limitation, "short sale."

11.    "Securities" shall mean stocks, bonds, notes, convertibles, debt instruments, warrants, options, futures, currencies, hedge funds, mutual funds and derivative instruments.

12.    "You" and "your" shall mean the "Lead Plaintiffs," and any of their affiliates, parents, subsidiaries, attorneys, accountants, officers, directors, agents, employees, representatives, predecessors-in-interest, successors-in-interest, or any other person acting or purporting to act on their behalf or under their direction or control.

13.    In order to bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular shall include the plural and vice versa; (ii) the masculine, feminine or neuter pronoun shall not exclude other genders; (iii) the connectives "and" and "or" shall be read either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope; (iv) the terms "any," "all" and "each" shall be read to mean any, all, each and every; and (v) the word

4

"including" shall be read to mean including without limitation; (vi) the present term shall be construed to include the past term and vice versa; and (vii) references to employees, officers, directors or agents shall include both current and former employees, officers, directors and agents.

## **REQUESTS**

1.    All documents concerning communications between you and MMC or communications between you and Marsh.

2.    All documents concerning MMC and/or Marsh.

3.    All documents referred to in the Complaint or relied upon by you in connection with this Lawsuit.

4.    All documents concerning any MMC-Related Securities you purchased sold, exchanged, held or otherwise traded or invested in.

5.    All documents concerning the securities broker(s) or dealer(s) or investment or financial advisor(s), or any other individual or entity from or through whom you made purchases, exchanges or sales of MMC-Related Securities or received investment advice.

6.    All documents possessed by, read by, prepared by, provided to, or otherwise obtained by you or any of your securities broker(s) or dealer(s) or investment or financial advisor(s) in connection with your investments in any MMC-Related Security including, but not limited to:

(a) any registration statement, prospectus or any offering or solicitation materials;

(b) public filings made by MMC or Marsh;

(c) communications with MMC or Marsh;

(d) press releases issued by MMC or Marsh;

5

(e) reports of financial analysts concerning MMC or Marsh;

(f) reports, briefings, or presentations;

(g) articles contained in any newspapers, newsletters, magazines or other publications; and

(h) reports or information obtained from the internet.

7.    All documents concerning all brokerage accounts that you maintain or have maintained in your name at any time after January 1, 1999.

8.    All documents concerning all brokerage accounts that you control or have controlled that have been or are maintained in the name of any third party since January 1, 1999.

9.    All documents reflecting the date, amount and price of every purchase or sale of securities by you since January 1, 1999, including but not limited to monthly brokerage and account statements.

10.    All documents concerning any excess casualty insurance coverage you or any other agency of the State of Ohio or New Jersey have purchased.

11.    All documents concerning any excess casualty insurance coverage your securities brokers(s) or dealer(s) or financial or investment advisor(s) have purchased.

12.    All communications you or any other agency of the State of Ohio or New Jersey have had with any insurance brokerage firm relating to the purchase of excess casualty insurance.

13.    All communications your securities brokers(s) or dealer(s) or financial or investment advisor(s) have had with any insurance brokerage firm relating to the purchase of excess casualty insurance.

14.    All documents concerning the certifications you executed in connection with this Lawsuit.

15.    All documents identifying all lawsuits to which you have been a party, either in an individual or representative capacity, at any time.

16.    With respect to each lawsuit identified in paragraph 15, provide the following:

    (a) the complaint and any amendments thereto;

    (b) any documents executed by you, including, but not limited to, affidavits or certifications.

17.    All documents concerning any sanction imposed on you by any court.

18.    All documents concerning any criminal or regulatory investigations or proceedings you or any of your current or former officers, directors, representatives, affiliates or agents have been involved in at any time.

19.    All documents concerning other lawsuits for which you have retained one or more of the attorneys representing you in this Lawsuit.

20.    All documents concerning the date and circumstances of your retention of Lead Counsel in connection with this Lawsuit.

21.    All documents sufficient to identify the fee structure under which Lead Counsel are being compensated in connection with this Lawsuit.

22.    All documents concerning your investment returns or income from January 1, 1999 to the present, including, but not limited to your annual financial reports.

23.    All documents concerning any policies, procedures, strategies, guidelines, practices or regulations for making your investment decisions.

24.    All reports to your members and/or benefits recipients concerning your investment decisions and performance from January 1, 1999 to the present.

25.    All documents concerning the damage or loss you allege you have sustained and for which you seek recovery in this Lawsuit.

26.    All documents concerning the confidential sources referred to in the Complaint, including but not limited to, documents sufficient to identify each and every confidential source.

Dated: New York, New York
       April 24, 2007

                              GIBSON, DUNN & CRUTCHER LLP

                              By: _____
                                  Wesley G. Howell, Jr. (WH-8660)
                                  Mark B. Holton (MH-4939)
                                  Jennifer L. Conn (JC-5753)

                              200 Park Avenue
                              New York, New York 10166-0193
                              (212) 351-4000

                              Attorneys for Defendants Marsh & McLennan
                              Companies, Inc. and Marsh Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE MARSH & McLENNAN COMPANIES, INC.
SECURITIES LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Master File No.
1: 04-CV-8144 (SWK)

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that on the 24th day of April, 2007, I caused

a true and correct copy of Defendants Marsh & McLennan Companies, Inc.'s and Marsh Inc.'s

First Request for the Production of Documents to be served on counsel for the parties by the

method indicated on the attached service list.

Jennifer L. Conn (JC-5753)

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193
Phone: (212) 351-4000
Fax: (212) 351-4035

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE MARSH & McLENNAN COMPANIES, INC.
SECURITIES LITIGATION

                    Master File No.
  :   1: 04-CV-8144 (SWK)

  :

  :   **SERVICE LIST**

  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Robert J. Berg, Esq.
U. Seth Ottensoser, Esq.
BERNSTEIN, LIEBHARD, & LIFSHITZ LLP
10 East 40th Street, 22nd Floor
New York, New York 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
*By Facsimile and First Class Mail*

Jay W. Eisenhofer, Esq.
Keith M. Fleischman, Esq.
GRANT & EISENHOFER, P.A.
45 Rockefeller Center, 15th Floor
New York, New York 10011
Telephone: (646) 722-8500
Facsimile: (646) 722-8501
*By Facsimile and First Class Mail*

Geoffrey C. Jarvis, Esq.
GRANT & EISENHOFER, P.A.
1201 North Market Street
Chase Manhattan Centre
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100
*By Facsimile and First Class Mail*

**Lead Counsel for Lead Plaintiffs and the
Class**

Vincent M. Giblin, Esq.
KROLL HEINEMAN GIBLIN
Metro Corporate Campus 1
99 Wood Avenue South, Suite 307
Iselin, NJ 08830
Telephone: (732) 491-2100
Facsimile: (732) 491-2120
*By Facsimile and First Class Mail*

**Attorneys for Lead Plaintiff
New Jersey Department of Treasury –
Division of Investment**

Michael S. Feldberg, Esq.
Pamela Chepiga, Esq.
ALLEN & OVERY
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6360
Facsimile: (212) 610-6399
*By Facsimile and First Class Mail*

**Attorneys for Defendant
Jeffrey W. Greenberg**

Cyrus Vance, Esq.
MORVILLO, ABRAMOWITZ, GRAND,
IASON, & SILBERBERG, P.C.
565 Fifth Avenue
New York, New York 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
*By Facsimile and First Class Mail*

**Attorneys for Defendant Roger E. Egan**

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :    CIVIL ACTION NO. 04-CV-8144 (SWK)
IN RE MARSH & MCLENNAN COMPANIES,   :
INC. SECURITIES LITIGATION          :
                                    :
                                    :
------------------------------------x

### DEFENDANTS MARSH & MCLENNAN COMPANIES, INC.'S AND MARSH INC.'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 34 of the Federal

Rules of Civil Procedure (the "Federal Rules") and Rule 26 of the Local Civil Rules of the

United States District Court for the Southern District of New York (the "Local Rules"),

defendants Marsh & McLennan Companies, Inc. and Marsh Inc., by and through their

undersigned attorneys, hereby request that the plaintiffs, and each of them, produce the

documents described below for inspection and copying at the offices of Gibson, Dunn &

Crutcher LLP, 200 Park Avenue, 48th Floor, New York, New York, 10166, or at such other

location as may be mutually agreed by counsel, in the manner and within the deadline prescribed

by the Federal Rules and the Local Rules, and in accordance with the further Definitions and

Instructions below.

### INSTRUCTIONS

1.      This request calls for the production of all of the materials requested

below which are in the possession, custody or control of the plaintiffs as well as any of the

plaintiffs' investment or financial advisor(s) or securities broker(s) or dealer(s), regardless of

location.

2.      If any plaintiff withholds any document, or any portion of any document,

under a claim of privilege, that plaintiff shall produce, in accordance with Rule 26 of the Federal

Rules and Rule 26.2 of the Local Rules, a written privilege log that sets forth: (i) the author of the document; (ii) the type of document, e.g., letter or memorandum; (iii) the date of the document; (iv) all recipients of the document; (v) such other information as is sufficient to identify the document; and (vi) the nature of the privilege asserted.

      3.    If information is redacted from a document produced in response to a request, the plaintiff shall identify the redaction by stamping the word "Redacted" on the document at each place where information has been redacted and separately log each redaction on the privilege log.

      4.    If any requested document has been lost or destroyed, plaintiff shall state the circumstances of its loss or destruction, including the identity of person(s) having knowledge as to the circumstances of its loss or destruction and the date of its loss or destruction.

      5.    Documents in electronic form, including but not limited to e-mail, shall be produced in electronic form and printed out in hard copy form.

      6.    Unless otherwise instructed, these requests pertain to the period of January 1, 1999 through the date of this request.

      7.    This document request is continuing in nature. If, after producing any documents in response to this document request, any plaintiff obtains or becomes aware of additional responsive information, that plaintiff is required to provide such information or documents by way of a supplemental production.

## DEFINITIONS

      The definitions and rules of construction set forth in Rule 34 of the Federal Rules and Rule 26.3 of the Local Rules are hereby incorporated and apply to this request for the production of documents.

1.    "Complaint" shall mean the Consolidated Class Action Complaint in the action pending in the United States District Court for the Southern District of New York captioned In re Marsh & McLennan Companies, Inc. Securities Litigation, Index No. 04-CV-8144 (SWK) and the actions consolidated therein.

2.    "Lawsuit" shall mean the action filed by the plaintiffs now pending in the United States District Court for the Southern District of New York that is captioned In re Marsh & McLennan Companies, Inc. Securities Litigation, Index No. 04-CV-8144 (SWK) and the actions consolidated therein.

3.    "Lead Counsel" shall mean the law firms of Grant & Eisenhofer P.A. and Bernstein Liebhard & Lifshitz, LLP.

4.    "Lead Plaintiffs" shall mean the Public Employees' Retirement System of Ohio ("PERS"), the State Teachers' Retirement System of Ohio ("STRS"), the Ohio Bureau of Workers' Compensation ("BWC"), the State of New Jersey, Department of the Treasury, Division of Investment ("New Jersey"), which oversees the Common Pension Fund A, the DCP Equity Fund, and the Supplemental Annuity Fund (collectively the "New Jersey Funds").

5.    "MMC" shall mean Marsh & McLennan Companies, Inc. and any past or present affiliates, parents, subsidiaries, partners, officers, directors, employees, or agents of Marsh & McLennan Companies, Inc.

6.    "Marsh" shall mean Marsh Inc. and any past or present affiliates, parents, subsidiaries, partners, officers, directors, employees, or agents of Marsh Inc.

7.    "MMC-Related Securities" shall mean all securities, investments and financial contracts (including, but not limited to, stocks, bonds, notes, convertibles, debt

3

instruments, warrants, options, futures, currencies, hedge funds, mutual funds and derivative instruments) with or in MMC, Marsh or entities affiliated with or guaranteed by MMC or Marsh.

8.    "Plaintiff" shall include any Lead Plaintiff in this action, and any of their past or present affiliates, parents, subsidiaries, attorneys, accountants, officers, directors, agents, employees, representatives, predecessors-in-interest, successors-in-interest, or any other person acting or purporting to act on their behalf or under their direction or control.

9.    "Refer" shall mean to comprise, reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request or to have been reviewed in conjunction with, or to have been created, generated or maintained as a result of the subject matter of the request.

10.    "Sale" shall include, without limitation, "short sale."

11.    "Second Amended Complaint" shall mean the Second Amended Consolidated Class Action Complaint in the action pending in the United States District Court for the Southern District of New York captioned In re Marsh & McLennan Companies, Inc. Securities Litigation, Index No. 04-CV-8144 (SWK) and the actions consolidated therein.

12.    "Securities" shall mean stocks, bonds, notes, convertibles, debt instruments, warrants, options, futures, currencies, hedge funds, mutual funds and derivative instruments.

13.    "You" and "your" shall mean the "Lead Plaintiffs," and any of their affiliates, parents, subsidiaries, attorneys, accountants, officers, directors, agents, employees, representatives, predecessors-in-interest, successors-in-interest, or any other person acting or purporting to act on their behalf or under their direction or control.

4

14.     In order to bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular shall include the plural and vice versa; (ii) the masculine, feminine or neuter pronoun shall not exclude other genders; (iii) the connectives "and" and "or" shall be read either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope; (iv) the terms "any," "all" and "each" shall be read to mean any, all, each and every; and (v) the word "including" shall be read to mean including without limitation; (vi) the present term shall be construed to include the past term and vice versa; and (vii) references to employees, officers, directors or agents shall include both current and former employees, officers, directors and agents.

## REQUESTS

1.     All documents provided to you by the confidential witnesses referred to in the Complaint and Second Amended Complaint.

2.     All documents provided by you to the confidential witnesses referred to in the Complaint and Second Amended Complaint.

3.     All documents concerning any securities of issuers with insurance-related business, including, but not limited to, issuers that provide insurance coverage or insurance brokerage services or issuers whose subsidiaries or affiliates provide insurance coverage or insurance brokerage services, that you purchased, sold, exchanged, held or otherwise traded or invested in.

4.     All documents possessed by, read by, prepared by, provided to, or otherwise obtained by you or any of your securities broker(s) or dealer(s) or investment or

5

financial advisor(s) in connection with your investments in the securities of issuers with

insurance-related business, including, but not limited to, issuers that provide insurance coverage

or insurance brokerage services or issuers whose subsidiaries or affiliates provide insurance

coverage or insurance brokerage services.

Dated:  New York, New York
        September 24, 2007

                GIBSON, DUNN & CRUTCHER LLP

                By: _____
                    Wesley G. Howell, Jr. (WH-8660)
                    Mark B. Holton (MH-4939)
                    Jennifer L. Conn (JC-5753)
                    Aric H. Wu (AW-0252)

                  200 Park Avenue
                  New York, New York 10166-0193
                  (212) 351-4000

                  Attorneys for Defendants Marsh & McLennan
                  Companies, Inc. and Marsh Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                   :

IN RE MARSH & McLENNAN COMPANIES, INC.  :
SECURITIES LITIGATION           :

                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Master File No.
1: 04-CV-8144 (SWK)

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that on the 24th day of September 2007, I caused a true and correct copy of Defendants Marsh & McLennan Companies, Inc.'s and Marsh Inc.'s Second Request for the Production of Documents to be served on counsel for the parties on the attached service list by facsimile and first class mail.

_____
Aric H. Wu (AW-0252)

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193
Phone: (212) 351-4000
Fax: (212) 351-4035

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                    :    Master File No.
IN RE MARSH & McLENNAN COMPANIES, INC.              :    1: 04-CV-8144 (SWK)
SECURITIES LITIGATION                               :
                                                    :    **SERVICE LIST**
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

U. Seth Ottensoser, Esq.                 Vincent M. Giblin, Esq.
BERNSTEIN, LIEBHARD, & LIFSHITZ LLP       KROLL HEINEMAN GIBLIN
10 East 40th Street, 22nd Floor           Metro Corporate Campus 1
New York, New York 10016                  99 Wood Avenue South, Suite 307
Telephone: (212) 779-1414                 Iselin, NJ 08830
Facsimile: (212) 779-3218                 Telephone: (732) 491-2100
                                          Facsimile: (732) 491-2120
Keith M. Fleischman, Esq.
GRANT & EISENHOFER, P.A.                   **Attorneys for Lead Plaintiff**
485 Lexington Avenue, 29th Floor          **New Jersey Department of Treasury –**
New York, New York 10011                  **Division of Investment**
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

Geoffrey C. Jarvis, Esq.
GRANT & EISENHOFER, P.A.
1201 North Market Street
Chase Manhattan Centre
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100

**Lead Counsel for Lead Plaintiffs and the**
**Class**

2

Michael S. Feldberg, Esq.
Pamela Chepiga, Esq.
Andrew Rhys Davies, Esq.
ALLEN & OVERY
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6360
Facsimile: (212) 610-6399

**Attorneys for Defendant
Jeffrey W. Greenberg**

Cyrus Vance, Esq.
David Austin, Esq.
MORVILLO, ABRAMOWITZ, GRAND,
IASON, & SILBERBERG, P.C.
565 Fifth Avenue
New York, New York 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494

**Attorneys for Defendant Roger E. Egan**

3

**Exhibit C**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————
                       :   CIVIL ACTION

IN RE MARSH & MCLENNAN       :   NO: 04-CV-08144 (SWK)
COMPANIES, INC. SECURITIES LITIGATION   :

                       :

                       :
———————————————————————

**LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANTS MARSH & MCLENNAN COMPANIES, INC.'S AND MARSH
INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule

33.3 of the Local Civil Rules of the United States District Court for the Southern District

of New York, Lead Plaintiffs, the Public Employees' Retirement System of Ohio, the

State Teachers' Retirement System of Ohio, the Ohio Bureau of Workers' Compensation

("Ohio Funds"), the State of New Jersey, Department of Treasury, Division of

Investment on behalf of itself and The Common Pension Fund A, the DCP Equity Fund,

and the Supplemental Annuity Collective Trust Fund ("NJ DOI") (Ohio Funds and NJ

DOI are collectively referred to herein as "Plaintiffs"), by and through their undersigned

counsel, hereby respond to the First Request for the Production of Documents dated April

24, 2007 by Defendants Marsh & McLennan Companies, Inc. and Marsh Inc.

("Requests").

I.     **INTRODUCTION**

Plaintiffs' responses to these requests are made for the sole purpose of this action.

Each response is subject to all objections as to competence, relevance, materiality,

propriety, admissibility, privilege, privacy and the like and any and all other objections are reserved and may be interposed at trial.

No incidental or implied admissions are intended in these responses. Plaintiffs' responses to all or any part of the Requests should not be taken as an admission that: (a) Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by that request; (b) Plaintiffs have in their possession, custody or control any document responsive to that request; (c) documents responsive to that request exist; or (d) Plaintiffs' responses constitute admissible evidence. Plaintiffs' response to all or any part of a request is not intended to be and shall not be, waivers by Plaintiffs of all or any part of their objection(s) to that request.

While Plaintiffs' prefiling and subsequent investigative efforts have been substantial, they have not completed their: (a) investigation of the facts relating to this case; (b) discovery in this action; or (c) preparation for trial. The following responses are based upon information known at this time. Plaintiffs reserve the right to make use of, or to introduce at any deposition, hearing and/or trial, documents responsive to the Requests but discovered subsequent to the date of service of Plaintiffs' responses to the Requests, including, but not limited to, any documents obtained in discovery herein.

II.    **GENERAL OBJECTIONS**

Plaintiffs generally object to the Requests on the following grounds, each of which is expressly incorporated by reference in the responses to the individual requests below. All responses set forth herein are subject to and without waiver of any of these General Objections:

2

1.    Plaintiffs object to the instructions and definitions set forth in the Requests to the extent that they seek to impose on Plaintiffs obligations that are not imposed by law, or are otherwise inconsistent with the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern District of New York.

2.    Plaintiffs object to the Requests to the extent that they seek or require the disclosure of information or documents that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the joint prosecution or common interest privilege, the right to privacy, or any other applicable privilege or immunity.  Such production as may hereafter occur pursuant to the Requests shall not include any documents protected by such privileges or doctrines. Inadvertent production of any such document is not intended to be and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

3.    Plaintiffs object to the Requests to the extent that they seek production of documents containing trade secrets, proprietary or confidential information.

4.    Plaintiffs' objections are provided without prejudice to their right to produce evidence of any subsequently discovered facts or any facts that they may later recall, and with express rights to revise, correct, supplement or clarify any objections or responses set forth herein at a later time.

5.    Plaintiffs generally object to the Requests to the extent that they are unduly burdensome and oppressive in that they would require a search for documents that are of little or no benefit with respect to the issues or controversies in this action, so that the value of information would be far outweighed by the burden of obtaining them.

3

6.   Plaintiffs do not hereby admit, adopt, or acquiesce in any factual or legal contention, assertion, characterization or implication that is contained in the Requests.

7.   By responding to the Requests, Plaintiffs do not concede the relevancy, materiality or admissibility as evidence of any of the information sought.

8.   Plaintiffs object to the Requests insofar as they seek information within the exclusive possession, custody or control of third parties.

9.   Plaintiffs object to the Requests and each and every instruction, definition and request therein to the extent that they call for the production of documents outside of Plaintiffs' possession, custody or control, or to the extent that they seek information that is already within Defendants' possession, custody or control.

10.  Plaintiffs object to the Requests and each and every instruction, definition and request therein to the extent that they call for the production of documents or data readily available through public sources, from sources that are more convenient, less burdensome or less expensive.

11.  No objection, limitation, response, or lack thereof made in this Response is intended as an admission by Plaintiffs as to the existence or non-existence of information responsive to the Requests.

12.  Plaintiffs object to the Requests on the grounds, and to the extent, they use vague and ambiguous terms that are not defined in the "Definitions" section of the Requests.

13.  Plaintiffs object to the term "MMC-Related Securities" as it is vague and ambiguous, overly broad, unduly burdensome, seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to

4

the discovery of admissible evidence, and seeks information relating to securities other than the securities which are the subject of this lawsuit. To the extent that Plaintiffs produce publicly available documents that are relevant to Plaintiffs' Class Period transactions in the securities of MMC ("MMC Securities"), but also contain information concerning securities other than those which are the subject of this lawsuit, in un-redacted form, such production does not constitute a waiver of (and Plaintiffs expressly reserve) their objections to the production of documents concerning any securities transactions other than Plaintiffs' Class Period transactions in MMC Securities.

14.    Plaintiffs object to the term "Relevant Time Period," to the extent it is overbroad as to time or scope. Unless otherwise specified below, the documents produced in response to the Requests will be limited to documents relevant to the Class Period set forth in the Second Amended Consolidated Class Action Complaint (the "Second Amended Complaint").

15.    Plaintiffs further object to the Requests insofar as the Requests seek discovery of information that is unreasonably cumulative or duplicative.

16.    This response to the Requests is made without waiving (and expressly reserving) Plaintiffs' right (a) to object on any ground to the use of the information provided in the responses in any stage or proceeding in this action or any other action, (b) to object on any ground to other information that involves or relates to the subject matter of the Requests, and (c) to revise, correct, supplement or clarify any of the responses set forth herein at a later time.

17.    The inadvertent production or revelation of privileged or otherwise protected documents or information shall not be deemed to waive the privilege or

protection with respect to such documents or information or any other documents or information.

18.    Plaintiffs object to the Requests to the extent that they call for legal conclusions.

19.    By making a specific objection to a particular request, Plaintiffs do not imply that the specific objection is not applicable in response to any other particular request, or that the general objections are not applicable to that request.

III.    **RESPONSES**

**REQUEST NO. 1:** All documents concerning communications between you and MMC or communications between you and Marsh.

**RESPONSE TO REQUEST NO. 1:**

Lead Plaintiffs object to this Request as it is vague, ambiguous, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the Request insofar as it: (i) seeks the production of documents relating to communications that occurred before and after the Class Period set forth in the Second Amended Complaint; and (ii) seeks information to which MMC and/or Marsh has equal or greater access and which is more convenient, less burdensome, or less costly to obtain from other sources than Plaintiffs.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product, sufficient to show: (i) all transactions in MMC Securities by the

6

Plaintiffs during the Class Period; and (ii) materials that Plaintiffs relied upon in engaging in such transactions, or that concern the reasons for such transactions, and/or the decision making process, evaluation, analysis or review of whether to proceed with any transaction in MMC Securities during the Class Period, to the extent such documents exist and are in Plaintiffs' possession, custody or control.

**REQUEST NO. 2:** All documents concerning MMC and/or Marsh.

**RESPONSE TO REQUEST NO. 2:**

Lead Plaintiffs object to this Request as it is vague, ambiguous, overly broad, unduly burdensome, seeks production of proprietary and confidential information, seeks production of documents that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or the deliberative process privilege, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the Request insofar as it: (i) seeks the production of documents relating to time periods before and after the Class Period set forth in the Second Amended Complaint; (ii) seeks information to which MMC and/or Marsh has equal or greater access and which is more convenient, less burdensome, or less costly to obtain from other sources than Plaintiffs. Plaintiffs further object to this Request to the extent it is duplicative.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute

7

attorney work-product, sufficient to show: (i) all transactions in MMC Securities by the Plaintiffs during the Class Period; and (ii) materials that Plaintiffs relied upon in engaging in such transactions, or that concern the reasons for such transactions, and/or the decision making process, evaluation, analysis or review of whether to proceed with any transaction in MMC Securities during the Class Period, to the extent such documents exist and are in Plaintiffs' possession, custody or control.

**REQUEST NO. 3:**  All documents referred to in the Complaint or relied upon by you in connection with this Lawsuit.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to this Request as it is vague, ambiguous, overly broad, unduly burdensome, and seeks and purports to require disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege or any other applicable privilege, protection or immunity.  Plaintiffs further object to this Request to the extent that it seeks information to which Marsh and MMC have equal or greater access and which is more convenient, less burdensome or less costly to obtain from sources other than Plaintiffs.

Subject to these objections and Plaintiffs' General Objections, and the objections set forth in response to Request No. 26, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product, for the Class Period to the extent such documents exist and are in Plaintiffs' possession, custody or control.

8

**REQUEST NO. 4:** All documents concerning any MMC-Related Securities you purchased sold, exchanged, held or otherwise traded or invested in.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to this Request as it is vague, ambiguous, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the Request insofar as it: (i) seeks information relating to securities other than the securities which are the subject of this lawsuit; (ii) seeks the production of documents relating to time periods before and after the Class Period set forth in the Second Amended Complaint; and (iii) seeks confidential and proprietary information and information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or the deliberative process privilege.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product, sufficient to show: (i) all transactions in MMC Securities by the Plaintiffs during the Class Period; and (ii) materials that Plaintiffs relied upon in engaging in such transactions, or that concern the reasons for such transactions, and/or the decision making process, evaluation, analysis or review of whether to proceed with any transaction in MMC Securities during the Class Period, to the extent such documents exist and are in Plaintiffs' possession, custody or control.

9

**REQUEST NO. 5:** All documents concerning the securities broker(s) or dealer(s) or investment or financial advisor(s), or any other individual or entity from or through whom you made purchases, exchanges or sales of MMC-Related Securities or received investment advice.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this Request as it is vague, ambiguous, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request insofar as it: (i) seeks information relating to securities other than the securities which are the subject of this lawsuit; (ii) seeks the production of documents relating to time periods before and after the Class Period set forth in the Second Amended Complaint; and (iii) seeks confidential and proprietary information and information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or the deliberative process privilege.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product concerning the identity of securities broker(s) or dealer(s) or investment or financial advisor(s), or any other individual or entity from or through Plaintiff made purchases, exchanges or sales of MMC Securities, or received investment advice about transactions in MMC Securities, during the Class Period.

**REQUEST NO. 6:** All documents possessed by, read by, prepared by, provided to, or otherwise obtained by you or any of your securities broker(s) or dealer(s) or investment or financial advisor(s) in connection with your investments in any MMC-Related Security including, but not limited to: (a) any registration statement, prospectus or any offering or solicitation materials; (b) public filings made by MMC or Marsh; (c) communications with MMC or Marsh; (d) press releases issued by MMC or Marsh; (e) reports of financial analysts concerning MMC or Marsh; (f) reports, briefings, or presentations; (g) articles contained in any newspapers, newsletters, magazines or other publications; and (h) reports or information obtained from the internet.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to this Request as it is vague, ambiguous, overly broad, unduly

burdensome, and seeks production of documents that are neither relevant to the claim or

defense of any party, nor reasonably calculated to lead to the discovery of admissible

evidence. Plaintiffs further object to this Request insofar as it: (i) seeks information

relating to securities other than the securities which are the subject of this lawsuit; (ii)

seeks the production of documents relating to time periods before and after the Class

Period set forth in the Second Amended Complaint; (iii) seeks information to which

MMC and/or Marsh has equal or greater access and which is more convenient, less

burdensome, or less costly to obtain from other sources than Plaintiffs; and (iv) seeks

from Plaintiffs the production of documents from non-parties to this action.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will

produce responsive, relevant documents that are not privileged and do not constitute

attorney-work product, for the Class Period to the extent such documents exist and are in

Plaintiffs' possession, custody or control.

**REQUEST NO. 7:** All documents concerning all brokerage accounts that you maintain or have maintained in your name at any time after January 1, 1999.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to this Request as it is harassing, vague, ambiguous, overly broad, unduly burdensome and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request insofar as it: (i) seeks information related to the ownership or holding of securities other than those that are the subject of this lawsuit; (ii) seeks information relating to brokerage accounts that did not invest in MMC Securities during the Class Period; and (iii) seeks documents containing proprietary and/or otherwise confidential information regarding Plaintiffs' investments, including brokerage accounts that did not purchase MMC Securities; and (iv) is duplicative.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product, sufficient to identify any brokerage accounts that purchased, sold, or held MMC Securities during the Class Period, to the extent such documents exist and are in Plaintiffs' possession, custody or control.

**REQUEST NO. 8:** All documents concerning all brokerage accounts that you control or have controlled that have been or are maintained in the name of any third party since January 1, 1999:

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs object to this Request as it is harassing, vague, ambiguous, overly broad, unduly burdensome and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request insofar as it: (i) seeks information related to the ownership or holding of securities other than those that are the subject of this lawsuit; (ii) seeks information relating to brokerage accounts that did not invest in MMC Securities during the Class Period; (iii) seeks documents containing proprietary and/or otherwise confidential information; and (iv) is duplicative.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product, sufficient to identify any brokerage accounts that purchased, sold, or held MMC Securities during the Class Period, to the extent such documents exist and are in Plaintiffs' possession, custody or control.

13

**REQUEST NO. 9:** All documents reflecting the date, amount and price of every purchase or sale of securities by you since January 1, 1999, including but not limited to monthly brokerage and account statements.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs object to this Request as it is harassing, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request insofar as it: (i) seeks information related to the ownership or holding of securities other than those that are the subject of this lawsuit; (ii) seeks information relating to brokerage accounts that did not invest in MMC Securities during the Class Period; and (iii) seeks documents containing proprietary and/or otherwise confidential information regarding Plaintiffs' investments, including brokerage accounts that did not purchase MMC Securities. Plaintiffs further object to this Request insofar as it is duplicative.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product, that are sufficient to identify all transactions in MMC Securities by Plaintiffs during the Class Period, to the extent such documents exist and are in Plaintiffs' possession, custody or control.

14

**REQUEST NO. 10:** All documents concerning any excess casualty insurance coverage you or any other agency of the State of Ohio or New Jersey have purchased.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs object to this Request as it is harassing, overly broad, unduly burdensome, seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request insofar as it: (i) seeks from Plaintiffs the production of documents from non-parties to this action; and (ii) seeks documents for periods before and after the Class Period set forth in the Second Amended Complaint.

**REQUEST NO. 11:** All documents concerning any excess casualty insurance coverage your securities brokers(s) or dealer(s) or financial or investment advisor(s) have purchased.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs object to this Request as it is harassing, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request insofar as it: (i) seeks from Plaintiffs the production of documents from non-parties to this action; and (ii) seeks documents for periods before and after the Class Period set forth in the Second Amended Complaint.

**REQUEST NO. 12:**  All communications you or any other agency of the State of Ohio or New Jersey have had with any insurance brokerage firm relating to the purchase of excess casualty insurance.

**RESPONSE TO REQUEST NO. 12:**

Plaintiffs object to this Request as it is harassing, vague, ambiguous, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request insofar as it: (i) seeks from Plaintiffs the production of documents from non-parties to this action; and (ii) seeks documents for periods before and after the Class Period set forth in the Second Amended Complaint.

**REQUEST NO. 13:**  All communications your securities brokers(s) or dealer(s) or financial or investment advisor(s) have had with any insurance brokerage firm relating to the purchase of excess casualty insurance.

**RESPONSE TO REQUEST NO. 13:**

Plaintiffs object to this Request as it is harassing, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request insofar as it: (i) seeks from Plaintiffs the production of documents from non-parties to this action; and (ii) seeks documents for periods before and after the Class Period set forth in the Second Amended Complaint.

**REQUEST NO. 14:** All documents concerning the certifications you executed in connection with this Lawsuit.

**RESPONSE TO REQUEST NO. 14:**

Plaintiffs object to this Request as vague, ambiguous, overly broad, and unduly burdensome. Plaintiffs further object to this Request to the extent it seeks and purports to require disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege or any other applicable privilege, protection or immunity. Further, Plaintiffs object to this Request as duplicative.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce the certifications Plaintiffs executed in connection with this Lawsuit.

**REQUEST NO. 15:** All documents identifying all lawsuits to which you have been a party, either in an individual or representative capacity, at any time.

**RESPONSE TO REQUEST NO. 15:**

Plaintiffs object to this Request as it is harassing, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will provide the docket numbers for all the lawsuits Plaintiffs were required to identify in their respective certifications pursuant to 15 U.S.C. § 78u-4(a).

**REQUEST NO. 16:** With respect to each lawsuit identified in paragraph 15, provide the following: (a) the complaint and any amendments thereto; (b) any documents executed by you, including, but not limited to, affidavits or certifications.

**RESPONSE TO REQUEST NO. 16:**

Plaintiffs repeat their objections stated in response to Request No. 15. Plaintiffs further object to this Request insofar as it seeks information that is readily available through public sources.

**REQUEST NO. 17:** All documents concerning any sanction imposed on you by any court.

**RESPONSE TO REQUEST NO. 17:**

Plaintiffs object to this Request as it is harassing, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product sufficient to identify any sanction imposed by any court in any lawsuit that Plaintiffs were required to identify in their respective certifications pursuant to 15 U.S.C. § 78u-4(a), to the extent such documents exist and are in Plaintiffs' possession, custody or control.

**REQUEST NO. 18:** All documents concerning any criminal or regulatory investigations or proceedings you or any of your current or former officers, directors, representatives, affiliates or agents have been involved in at any time.

**RESPONSE TO REQUEST NO. 18:**

Plaintiffs object to this Request as it is harassing, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 19:** All documents concerning other lawsuits for which you have retained one or more of the attorneys representing you in this Lawsuit.

**RESPONSE TO REQUEST NO. 19:**

Plaintiffs object to this Request to the extent it seeks and purports to require the disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection or immunity. Plaintiffs further object to this Request as it is harassing, overly broad, unduly burdensome, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

19

**REQUEST NO. 20:** All documents concerning the date and circumstances of your retention of Lead Counsel in connection with this Lawsuit.

**RESPONSE TO REQUEST NO. 20:**

Plaintiffs object to this Request to the extent it seeks and purports to require the disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection or immunity. Plaintiffs further object to this Request as it is harassing, overly broad, seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21:** All documents sufficient to identify the fee structure under which Lead Counsel are being compensated in connection with this Lawsuit.

**RESPONSE TO REQUEST NO. 21:**

Plaintiffs object to this Request to the extent it seeks documents and information that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection or immunity. Plaintiffs further object to this Request as it is harassing, overly broad and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

20

**REQUEST NO. 22:** All documents concerning your investment returns or income from January 1, 1999 to the present, including, but not limited to your annual financial reports.

**RESPONSE TO REQUEST NO. 22:**

Plaintiffs object to this Request as it is vague, ambiguous, overly broad, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request insofar as it: (i) seeks documents for periods before and after the Class Period set forth in the Second Amended Complaint: and (ii) seeks documents containing proprietary and/or otherwise confidential information.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce Plaintiffs' annual financial reports for the Class Period.

**REQUEST NO. 23:** All documents concerning any policies, procedures, strategies, guidelines, practices or regulations for making your investment decisions.

**RESPONSE TO REQUEST NO. 23:**

Plaintiffs object to this Request as it is harassing, overly broad, unduly burdensome and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this request insofar as it: (i) seeks documents for periods before and after the Class Period set forth in the Second Amended Complaint;

and (ii) seeks documents containing proprietary and/or otherwise confidential information.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product, sufficient to show: (i) all transactions in MMC Securities by the Plaintiffs during the Class Period; and (ii) materials that Plaintiffs relied upon in engaging in such transactions, or that concern the reasons for such transactions, and/or the decision making process, evaluation, analysis or review of whether to proceed with any transaction in MMC Securities during the Class Period.

**REQUEST NO. 24:** All reports to your members and/or benefits recipients concerning your investment decisions and performance from January 1, 1999 to the present.

**RESPONSE TO REQUEST NO. 24:**

Plaintiffs object to this Request in that it is vague, ambiguous, overly broad, and seeks production of documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request insofar as it: (i) seeks documents for periods before and after the Class Period set forth in the Second Amended Complaint; and (ii) seeks documents relating to investments other than those in MMC Securities.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney work-product that relate to investments in MMC Securities during the Class

Period to the extent such documents exist and are in Plaintiffs' possession, custody or control.

**REQUEST NO. 25:**  All documents concerning the damage or loss you allege you have sustained and for which you seek recovery in this Lawsuit.

**RESPONSE TO REQUEST NO. 25:**

Plaintiffs object to this Request to the extent it seeks and purports to require the disclosure of information that is protected by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, or any other applicable privilege, protection or immunity.  Plaintiffs further object to this Request as premature insofar as it seeks information regarding the calculation of Plaintiffs' damages, which calculation will be the subject of expert reports to be provided at a later date in accordance with the schedule approved by the Court.

Subject to these objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, relevant documents that are not privileged and do not constitute attorney-work product, to the extent such documents exist and are in Plaintiffs' possession, custody or control.

23

**REQUEST NO. 26:** All documents concerning the confidential sources referred to in the Complaint, including but not limited to, documents sufficient to identify each and every confidential source.

**RESPONSE TO REQUEST NO. 26:**

Plaintiffs object to this Request insofar as it seeks information that is protected

from discovery by the attorney-client privilege, the attorney work product doctrine, or

any other applicable privilege, protection or immunity. Furthermore, Plaintiffs object to

this Request as contrary to public policy.

DATED: May 24, 2007

GRANT & EISENHOFER P.A.

Jay W. Eisenhofer (JE-5503)
Keith M. Fleischman (KM-0199)
45 Rockefeller Center, 15th Floor
630 Fifth Avenue
New York, NY 10111
Telephone: (212) 755-6501
Facsimile: (212) 307-3216

      and

Geoffrey C. Jarvis (GJ-7040)
James P. McEvilly, III
Sharan Nirmul (SN-2075)
Naumon A. Amjed
Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100

Co-Lead Counsel for the Class

BERNSTEIN LIEBHARD & LIFSHITZ, LLP

U. Seth Ottensoser (UO-9703)
Timothy J. MacFall (TM-8634)
Felecia L. Stern (FS-3431)
Stephanie M. Beige (SB-3590)
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

Co-Lead Counsel for the Class

## CERTIFICATE OF SERVICE

I, Sharan Nirmul, hereby certify that on May 24, 2007, I caused Lead Plaintiffs' Responses and Objections to Defendants Marsh & McLennan Companies, Inc.'s and Marsh Inc.'s First Request for the Production of Documents to be served upon the following by facsimile transmission and overnight mail:

Wesley G. Howell, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

Michael Feldberg, Esq.
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

Cyrus Vance, Esq.
MORVILLO, ABRAMOWITZ, GRAND,
    LASON & SILBERBERG
565 Fifth Avenue
New York, NY 10017

Sharan Nirmul (SN-2075)