UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE MARSH & MCLENNAN COMPANIES, INC.
SECURITIES LITIGATION
------------------------------------------------------------X

MDL No. 1744

Master File No. 04 Civ. 8144 (SWK)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

**ORDER ON
PLAINTIFFS' MOTION
FOR DISCOVERY OF
DEFENDANT EGAN'S
ADVICE OF COUNSEL DEFENSE**
(Order No. 18)

------------------------------------------------------------X

**BACKGROUND**

In a letter application dated April 23, 2009, plaintiffs requested an order allowing discovery of defendant Roger Egan's advice of counsel defense, including production of sixty-seven (67) documents withheld from defendant Roger Egan's document production on privilege grounds. Plaintiffs contend that such discovery is warranted by Mr. Egan's counsel's pronouncement in February of this year that Mr. Egan intends to use the documents in question at trial to prove that he lacked *scienter*.

The genesis of the current application was the plaintiffs' prior motion for an Order compelling the production of all the items withheld from Mr. Egan's document production based on privileges claimed by defendants Marsh & McLennan Companies, Inc. ("MMC") and Marsh, Inc. ("Marsh", and together with MMC, the "Marsh Defendants"). The plaintiffs gave five reasons why the 305 documents that had been withheld, all of which had been identified on an index prepared by counsel for the Marsh Defendants (the "Egan Privilege Log"), should be produced, including that defendants Egan and Greenberg had asserted an affirmative defense based on advice of counsel in their respective responsive pleadings and, at least in the case of

1

Egan, had reserved his right to raise such a defense at trial. *See* Special Master's Order No. 10 filed October 17, 2008 (04 Cv. 8144 [SWK], Dkt. No. 249) ("Order No. 10").

At the time I found that the plaintiffs' claim with respect to the advice of counsel issue was premature because the record did not establish that either defendant actually intended to argue at trial that they were not liable for violations of the securities laws because they relied on what they perceived to be sound legal advice. *Id*. I directed, however, the individual defendants to indicate whether they intended to assert the advice of counsel defense, or not, by January 9, 2009. *Id*.

The plaintiffs subsequently moved for reconsideration of the portion of Order No. 10 related to the advice of counsel issue. A telephone conference was conducted on November 24, 2008, during which Mr. Egan's counsel unequivocally stated that a defense based on reliance on the advice of counsel will be asserted by Mr. Egan at trial. I directed Mr. Egan's attorneys to review the documents listed in the Egan Privilege Log and determine whether any of them would be used to establish this defense at trial. Mr. Egan's election was confirmed in correspondence received from his counsel dated January 8, 2009, although that letter did not identify any documents Egan planned to use to establish his reliance on the advice of counsel at trial.

Accordingly, I issued a second order on this subject directing, *inter alia*, Mr. Egan to identify which, if any, of the attorney-client communications listed in the Egan Privilege Log he intended to use at trial to establish that his alleged actions and/or statements did not violate federal securities laws. *See* Special Master's Order No. 11 filed February 10, 2009 (04 Cv. 8144 [SWK], Dkt. No. 270). In a letter dated February 13, 2009, Mr. Egan's counsel reported that he intends to introduce 67 of the Egan Privilege Log documents at trial and he identified those documents. In light of Mr. Egan's unequivocal election, the plaintiffs now seek an order

compelling production of the documents identified by Mr. Egan's counsel as well as "testimony related thereto."

In a letter dated May 8, 2009, Mr. Egan joined the plaintiffs' application. Mr. Egan contends that "simple fairness" requires that plaintiffs be given copies of the documents in question now that he has indicated that he intends to use them at trial. *See* Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer ("Morvillo Abramowitz") Letter dated May 8, 2009 (the "Morvillo Abramowitz Submission") at 2.

Also on May 8, 2009, the Marsh Defendants submitted a letter in opposition to this application. The Marsh Defendants, repeating a position they have taken throughout the discovery phase of this action, contend that the discovery sought should not be allowed because defendant Egan, as former corporate officer, lacks the authority to waive any privilege belonging to the Marsh Defendants.

The plaintiffs submitted a reply to the Marsh Defendants' opposition on May 15, 2009. I have reviewed each of these submissions along with the exhibits attached thereto.

## DISCUSSION

The Second Circuit has clarified the rules used to determine when the assertion of an advice of counsel defense forfeits the protection from disclosure granted to otherwise privileged communications. *See In re County of Erie*, 546 F.3d 222 (2d Cir. 2008). The *In re County of Erie* decision confirmed that in this Circuit the "mere indication of a claim or defense is insufficient to place legal advice at issue." *Id.* at 229. Rather, "a party must *rely* on privileged advice from his counsel to make his claim or defense." *Id.* (emphasis in original).

I find that Mr. Egan has sufficiently placed legal advice he received at issue by his counsel's representation that at trial Mr. Egan intends to offer the 67 documents at issue to make

his defense of lack of *scienter*. *See* Morvillo Abramowitz Letter dated February 25, 2009 at 2 (copy annexed to the Morvillo Abramowitz Submission as Exhibit 2) (suggesting that the communications in question contain "exculpatory evidence negating *scienter*").

That being so, the issue to be determined on this application is whether Mr. Egan, by placing legal advice he received as a corporate officer at issue in this litigation, can eviscerate a privilege that belongs not to him but to the corporate defendants for which he formerly worked.

It is well settled that in "cases of corporate representation, the attorney-client privilege belongs to the corporation." *Orbit One Communications, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 104 (S.D.N.Y. 2008). The Marsh Defendants contend that their privileges cannot be overcome by Mr. Egan's election of an advice of counsel defense because as a former employee he "lack[s] the authority to waive privileges held by Marsh." *See* Gibson Dunn & Crutcher Letter dated May 8, 2009 at 11. The Marsh Defendants cite three decisions in support of this position: *In re Grand Jury Proceedings*, 219 F.3d 175 (2d Cir. 2000); *Wellnx Life Sciences, Inc. v. Iovate Health Sciences Research, Inc.*, No. 06 Civ. 7785 (PKC), 2007 WL 1573913 (S.D.N.Y. May 24, 2007); and *Ross v. City of Memphis*, 423 F.3d 596 (6th Cir. 2005). I find, however, that these decisions do not address the precise issue raised on this application and, therefore, they do not constitute rules of decision to which I must adhere.

The Second Circuit's decision in *In re Grand Jury Proceedings* was limited to the grand jury context and involved a corporate executive who was compelled to testify and, in so doing, may have effected a waiver of the corporation's privilege. *In re Grand Jury Proceedings*, 219 F.3d at 186. Thus, while the Court recognized that "a corporation may impliedly waive its privilege through the testimony of one of its officers", I find that the rule of decision in that case has little application here.

4

The *Wellnx Life Sciences* decision is also not on point. That opinion addressed a motion made by a non-party to strike an otherwise privileged e-mail communication that was used by the plaintiff in opposing the defendant's motion to dismiss. *Wellnx Life Sciences*, 2007 WL 1573913, *1-*2. The e-mail in question had been provided to the plaintiff by a former employee of the non-party who at the time of disclosure worked for the plaintiff. After observing, in dicta, that the former employee "did not have the authority to waive the privilege on behalf of the former employer", the issue addressed by the court was whether the e-mail lost its protection as a privileged communication because the non-party failed to treat it in a confidential fashion. *Id.* at *4. The court did not address a situation where a former corporate officer places privileged communications at issue in a litigation to negate the element of *scienter*, and therefore also has little application in the present context.

Finally, *Ross*, which is not controlling in this District, is also distinguishable from the situation in this case. In *Ross*, a former police director who was being sued in his individual capacity under § 1983 asserted a qualified immunity defense based, in part, on advice he purportedly received from the city's attorneys. The question before the court was whether the plaintiff was entitled to learn the content of the advice received by the former police director, which the latter refused to divulge on privilege grounds but also contended rendered his behavior reasonable. Both the magistrate judge and the district court found that the plaintiff was entitled to the discovery, but the Sixth Circuit reversed, holding that a "municipal official's assertion of the advice of counsel defense does not require the City to relinquish the privilege it holds." *Ross*, 423 F.3d at 603. In rejecting the balancing test applied by the lower courts, however, the Sixth Circuit observed that "reliance on the advice of counsel is not usually a component of the qualified immunity defense, which rests on objective considerations." *Id.* at 603-04. In theory,

then, the former police director could establish his defense without offering the advice he received from the city's attorneys. This is distinguished from the present situation where the plaintiffs must prove that Mr. Egan acted with the requisite state of mind, and, as such, the documents at issue in this application may very well be the only exculpatory evidence available to Mr. Egan.

I did not find a controlling Second Circuit or Southern District decision that directly addresses whether plaintiffs are entitled to discovery when an individual defendant who was a former officer of a corporate defendant places legal advice received from the corporation's lawyers at issue in a civil action to negate an allegation of *scienter*. I do, however, concur with the rationale of several out-of-district cases cited by the plaintiffs in support of their position that they are entitled to discovery. *See, e.g., Moskowitz v. Lopp*, 128 F.R.D. 624 (E.D. Pa. 1989); *In re Nat'l Smelting of New Jersey, Inc. Bondholders Litig.*, Civil No. 84-3199, 1989 U.S. Dist. LEXIS 16962 (D.N.J. Jun. 29, 1989).

I find persuasive the conclusion reached by the U. S. District Court for the Eastern District of Pennsylvania that "although in theory the privilege belongs to the corporation, fairness dictates that it be waived where a corporate officer asserts the reliance on counsel defense." *Moskowitz*, 128 F.R.D. at 638 (denying plaintiff's motion for "wholesale production of privileged communications between defendants and corporate counsel" but holding the privilege waived "to the extent that individual defendants assert the defense of reliance upon the advice of counsel").

In reaching this conclusion, the *Moskowitz* court relied, in part, on a earlier decision by the U. S. District Court for the District of New Jersey in a class action involving securities law claims arising out alleged material misrepresentations concerning a bond sale on which the

6

plaintiffs purportedly relied to their detriment. *See In re Nat'l Smelting of New Jersey, Inc. Bondholders Litig., supra.*, 1989 U.S. Dist. LEXIS 16962. That court rejected the argument that an individual defendant, who was a corporate officer and had vigorously asserted a defense of reliance on the advice of corporate counsel, did not have the authority to waive the corporation's attorney-client privilege and ordered discovery of otherwise protected documents and communications regarding the underlying transaction at issue. *Id.* at *30-*31. The court concluded that the refusal of the corporate defendant's current board to waive the privilege was overcome by fundamental fairness to the plaintiffs as persons seeking to penetrate the individual defendant's defense of reliance. *Id.* at *38-*40. I believe that fairness dictates the same result here.

Therefore, I find that because a fact finder would be not be able to evaluate the merits of Mr. Egan's lack of *scienter* defense without evidence of what legal advice he relied on, "the privilege must give way." *Morande Automotive Grp., Inc. v. Metropolitan Grp., Inc.*, No. 3:04 CV 918 (SRU), 2009 WL 650444, *3 (D. Conn. Mar. 12, 2009) (observing that when a client asserts a defense based on reliance on an attorney's advice "a jury *could not* evaluate the defense *without* the protected information") (emphasis in original). For this reason I find that the plaintiffs should be permitted to discover the contents of those communications on which Mr. Egan intends to rely for his advice of counsel defense and the basis for Mr. Egan's reliance on those communications. This decision is limited to the specific items on the Egan Privilege Log that Mr. Egan's counsel has represented contain communications that Mr. Egan will use at trial to make his reliance on the advice of counsel defense. I make no ruling with respect to any other otherwise protected communications.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that the 67 Egan Privilege Log documents identified in Mr. Egan's counsel letter of February 13, 2009 shall be produced to plaintiffs within 7 days of the date of this Order.[1]

s/ L. Peter Parcher  
L. PETER PARCHER  
Special Master

Dated: New York, New York  
       August 7, 2009

---

[1] To avoid any confusion, in computing any period of time prescribed by this Order the provisions of Rule 6(a) of the Federal Rules of Civil Procedure shall apply.