# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------- x
IN RE MARSH & MCLENNAN                 :      CIVIL ACTION
COMPANIES, INC. SECURITIES             :      No. 04-CV-08144 (CM)
LITIGATION                             :
----------------------------------------------------- x
----------------------------------------------------- x
THIS DOCUMENT RELATES TO               :
ALL ACTIONS                            :
----------------------------------------------------- x
```

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of November 10, 2009, is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure by and among (i) the Public Employees Retirement System of Ohio, the State Teachers Retirement System of Ohio, the Ohio Bureau of Workers' Compensation and the State of New Jersey, Department of Treasury, Division of Investment, on behalf of itself and the Common Pension Fund A, the DCP Equity Fund, and the Supplemental Annuity Collective Trust Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Class (as hereinafter defined) and (ii) Defendants Marsh & McLennan Companies, Inc. ("MMC"), Marsh Inc. ("Marsh"), Jeffrey Greenberg ("Greenberg") and Roger Egan ("Egan") (collectively, "Defendants") by and through their respective attorneys. Lead Plaintiffs and Defendants shall each be referred to individually herein as a "Party" and collectively herein as the "Parties." The settlement and compromise of the captioned consolidated litigation (the "Action") as provided for herein (the "Settlement") is contingent upon, *inter alia*, approval of this Stipulation by the United States District Court for the Southern District of New York, and the occurrence of the Effective Date (as defined below).

**WHEREAS,**

I.    The Action was commenced on or about October 15, 2004 by the filing of a complaint alleging violations of the federal securities laws in the United States District Court for the Southern District of New York captioned *The Kendall Trust, by and through Richard J. Slater, et al. v. Marsh & McLennan Companies, Inc., et al.,* Civil Action No. 04-CV-8144;

II.    Additional complaints were filed thereafter in the United States District Court for the Southern District of New York:   *Frederic Ian Fischbein, et al. v. Marsh & McLennan Companies, Inc., et al.,* Civil Action No. 04-CV-8179; *Michael Feder, et al. v. Marsh & McLennan Companies, Inc., et al.,* Civil Action No. 04-CV-8225; *Arnold Spitz, et al. v. Marsh & McLennan Companies, Inc., et al.,* Civil Action No. 04-CV-8923; and *Anne E. Flynn, et al. v. Marsh & McLennan Companies, Inc., et al.,* Civil Action No. 04-CV-9300 (the "Additional Actions");

III.    By order dated January 26, 2005, the Honorable Shirley Wohl Kram ordered that the Additional Actions be consolidated with and into the Action (the "Consolidation Order");

IV.    On November 10, 2005, another action was filed in the United States District Court for the Central District of California.  By order dated January 18, 2006, the action was transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  Upon transfer, this action was captioned *Merne Young v. Marsh & McLennan Companies, Inc., et al.,* Civil Action No. 06-CV-01016.  By operation of the Consolidation Order, on April 19, 2006, *Young* was consolidated with and into the Action;

V.    In the Consolidation Order, Judge Kram appointed Lead Plaintiffs as Lead Plaintiffs and Grant & Eisenhofer P.A. and Bernstein Liebhard LLP as co-lead counsel for the Class;

2

VI.    The Lead Plaintiffs filed a Consolidated Class Action Complaint on April 20, 2005 (the "Consolidated Complaint"), which superseded all prior complaints filed in the Action and alleged claims on behalf of all investors who purchased or otherwise acquired MMC securities between October 14, 1999 and October 13, 2004 under sections 10(b), 18 and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") and state and common law;

VII.    By Opinion and Order dated July 19, 2006, Judge Kram granted in part and denied in part Defendants' Motions to Dismiss the Consolidated Complaint;

VIII.    The Lead Plaintiffs filed a Second Amended Consolidated Class Action Complaint (the "Amended Complaint") on October 13, 2006 asserting claims under sections 10 and 20(a) of the Exchange Act against all Defendants and under section 11 of the Securities Act against MMC;

IX.    On December 12, 2006, Defendants answered the Amended Complaint, denying all allegations of liability therein, asserting affirmative defenses thereto, and demanding judgment on the merits dismissing the Amended Complaint;

X.    On September 29, 2008, Lead Plaintiffs moved to certify the Action as a class action and to certify the Lead Plaintiffs as class representatives. Following document and deposition discovery regarding class certification, including the depositions of Lead Plaintiffs, Defendants filed their memoranda of law in opposition to class certification on November 13, 2008. Lead Plaintiffs filed their reply memorandum of law on January 9, 2009, and Defendants filed sur-reply memoranda of law on February 13, 2009. The class certification motion has been and remains *sub judice*;

XI.    At the time the Parties agreed to settle the Action, they had just completed merits discovery and were beginning expert depositions.  Prior to that time, Lead Plaintiffs conducted thorough pre-and post filing investigations as well as extensive discovery relating to their claims and the underlying events and transactions alleged in the Amended Complaint.  Lead Counsel has, among other things: (i) inspected, reviewed and analyzed over 34 million pages of documents produced by Defendants; (ii) subpoenaed 100 non-parties and inspected, reviewed and analyzed over 2 million pages produced by non-parties; (iii) taken over 90 depositions, including Federal Rule of Civil Procedure 30(b)(6) depositions of the corporate Defendants and numerous third-parties; (iv) defended the depositions of Lead Plaintiffs; and (v) researched the applicable law with respect to the claims of Lead Plaintiffs and the Class against Defendants and the potential defenses thereto;

XII.    With the Honorable Daniel Weinstein (retired) acting as a mediator, Lead Plaintiffs engaged in intensive arm's-length negotiations with Defendants with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class.  Formal mediation sessions were held on April 7, 2008, February 4, 2009 and October 14-15, 2009;

XIII.    While continuing to believe the claims alleged in the Amended Complaint are meritorious, and without any admission or concession on the part of Lead Plaintiffs of any lack of merit of the Action whatsoever, Lead Plaintiffs recognize the risks, expense and uncertain outcome of any litigation and trial, and subsequent appeals. This is especially true in a complex action such as this one with its inherent difficulties – including the potential risk of recovering nothing at all for the Class – and the delays that would inevitably result from the trial and appeal(s).  Based on these factors, Lead Plaintiffs' investigation described above, the mediation

4

sessions before Judge Weinstein and the substantial benefits that Lead Plaintiffs and the Members of the Class will receive from the Settlement, Lead Counsel and Lead Plaintiffs have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate and in the best interests of the Class Members. Accordingly, Lead Plaintiffs, on behalf of themselves and all Members of the Class, desire to settle the claims against Defendants in this Action on the terms and provisions hereafter set forth;

XIV.   The Defendants in this Action have denied, and continue to deny, all allegations of wrongdoing, fault, liability or damage to Lead Plaintiffs and the Class; deny that they engaged in any wrongdoing; deny that they committed any violation of federal securities or any other law; deny that they have committed any act or omission giving rise to any liability and/or violation of law; and deny that they have acted improperly in any way. Defendants believe that the Amended Complaint lacks merit. Had this Stipulation not been reached, Defendants would have continued to resist vigorously Lead Plaintiffs' claims and contentions and would have continued to assert their defenses thereto. The Defendants have entered into this Stipulation to put the Settled Claims (as defined below) to rest finally and forever solely for the purpose of avoiding prolonged and expensive litigation, without acknowledging in any way that they caused any damage to Lead Plaintiffs or the Class or any fault, wrongdoing or liability whatsoever. It is understood and agreed that nothing contained herein shall be interpreted as an admission of any wrongdoing by the Defendants. Neither the Settlement nor any of its terms, nor any of the settlement negotiations, disclosures, or proceedings relating thereto, shall constitute an admission or finding of wrongful conduct, acts or omissions, or shall be used for any purpose in any subsequent proceedings in any forum.

**NOW, THEREFORE**, without any admission or concession on the part of Lead Plaintiffs of any lack of merit in the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit of the defenses by Defendants it is hereby **STIPULATED, CONSENTED TO AND AGREED**, between Lead Plaintiffs and Defendants, by and through their respective attorneys, that this Action shall be settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions set forth herein.

## A.    DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below; other terms are defined elsewhere in this Stipulation.

1.    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.    "Company" means MMC and Marsh and each of their current, former or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, employees, attorneys, insurers and associates, and all of their respective predecessors, successors, assigns, agents, representatives, heirs, executors and administrators.

3.    "Claimant" means any Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

4.    "Claims Administrator" means Rust Consulting, Inc., the firm retained to supervise and administer the giving of notice as well as the processing of claims in connection with the Settlement and distribution to Authorized Claimants.

5.    "Class" is defined as the class to be certified for settlement purposes pursuant to Fed. R. Civ. P. 23 by the Preliminary Approval Order substantially in the form of Exhibit A

hereto. The Class shall consist of all Persons that purchased or otherwise acquired MMC

securities between October 14, 1999 and October 13, 2004, inclusive, and that claim to have

suffered losses as a result of such purchase or acquisition, except not included in the Class are:

(1) MMC and Marsh and the officers, directors, employees, affiliates, parents, subsidiaries,

representatives, predecessors and assigns of each of them; (2) the Individual Defendants and the

immediate families, employees, affiliates, representatives, heirs, predecessors, successors and

assigns of each of them and any entity in which either of them has a controlling interest; and (3)

those Persons that would otherwise be Members of the Class but that submit valid and timely

requests for exclusion in accordance with the Court's Preliminary Approval Order.

6. "Class Member" or "Member of the Class" means a Person that falls within the

definition of "Class."

7. "Class Period" means the period from October 14, 1999 through October 13,

2004, inclusive.

8. "Court" means the United States District Court for the Southern District of New

York.

9. "Defendants' Counsel" means the law firms of Gibson, Dunn & Crutcher LLP

(counsel for MMC and Marsh), Allen & Overy (counsel for Greenberg) and Morvillo,

Abramowitz, Grand, Iason, Anello & Bohrer, P.C. (counsel for Egan).

10. "Effective Date" means the date on which the Court's final approval order and

judgment (the "Judgment"), substantially in the form of Exhibit B hereto, becomes final, which

shall be deemed to occur when either of the following has occurred: (a) if an appeal or review is

not sought by any person from the Judgment, the thirty-first (31st) day after entry of the

Judgment (or, if the date for taking an appeal is extended, the day after the date of expiration of

the extension); or (b) if an appeal or review is sought from the Judgment and the Judgment is affirmed or the appeal or review is dismissed or denied, the day after such Judgment is no longer subject to further judicial review. For purposes of this definition, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of expenses.

11.    "Escrow Account" means the independent escrow account at a bank to be mutually agreed upon by the Lead Plaintiffs. The Escrow Account shall be governed by the terms of the Escrow Agreement. On the second business day (as defined by Fed. R. Civ. P. 6) after entry of the Preliminary Approval Order by the Court, MMC shall cause $500,000.00 of the Settlement Fund to be paid in cash into the Escrow Account. No later than December 21, 2009, MMC shall cause the balance of the Settlement Fund to be paid in cash into the Escrow Account. The Settlement Fund shall be distributed from the Escrow Account in the manner and subject to the terms and conditions specified in this Stipulation or the Escrow Agreement or by order of the Court. No money shall be disbursed from the Escrow Account to any Class Member until the Effective Date has occurred, the period for Class Members to exclude themselves from the Class has become final, and Defendants have been notified as to the number of Class Members requesting exclusion from the Class.

12.    "Escrow Agents" mean Bernstein Liebhard LLP, Grant & Eisenhofer P.A. and Gibson, Dunn & Crutcher LLP. The Escrow Agents shall perform the duties as set forth in the Escrow Agreement and this Stipulation.

13.    "Individual Defendants" means Greenberg and Egan.

14.    "Lead Counsel" means the law firm of Grant & Eisenhofer, P.A. and the law firm of Bernstein Liebhard LLP, who were appointed co-lead counsel for the Class.

8

15.     "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint venture, joint stock company, estate, custodian, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity and the heirs, executors, administrators, predecessors, successors, parents, subsidiaries, affiliates, representatives or assigns of any of them.

16.     "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes (as defined in paragraph K.5 below) and Tax Expenses (as defined in paragraph K.5 below) and such attorneys' fees and out-of-pocket expenses and such reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class as may be awarded by the Court.  The Released Parties shall have no responsibility for the Plan of Allocation or liability with respect thereto.

17.     "Released Parties" means Defendants, and each of them, and each of their respective predecessors, successors, parents, subsidiaries and affiliates, and any past, present or future officers, directors, employees, agents, insurers, attorneys, partners, accountants, consultants or advisors of any of them, and the heirs, executors, administrators, representatives or assigns of any of them.

18.     "Releasing Parties" means the Members of the Class, and each of them, including Lead Plaintiffs.

19.     "Settled Claims" shall mean all claims, debts, demands, rights or causes of action or liabilities whatsoever by the Releasing Parties against the Released Parties (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any

other costs, expenses or liability whatsoever, or injunctive, equitable or other relief), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined in paragraph A.22 below) that relate to transactions in MMC securities during the Class Period and: (i) that have been asserted in this Action by Lead Plaintiffs or the Class Members against any of the Released Parties; (ii) that have been or could have been asserted in any forum by any of the Releasing Parties against any of the Released Parties which arise out of, relate in any way to or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint; or (iii) that have been or could have been asserted in this Action or any forum by any of the Releasing Parties against any of the Released Parties, which arise out of or relate in any way to the defense or settlement of this Action.

20.     "Settlement Fund" means the fund created and maintained as provided in, and subject to, the provisions of this Stipulation.

21.     "Settlement Fairness Hearing" means the final hearing to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable and adequate and whether an order approving the Settlement should be entered thereon, to determine whether the Plan of Allocation regarding the Settlement Fund should be approved, to consider an award of fees and reimbursement of expenses to Lead Counsel, and to consider reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(4).

10

22.    "Unknown Claims" means any and all Settled Claims that any Releasing Party does not know or suspect to exist in the Releasing Party's favor at the time of the release of the Released Parties, which if known by the Releasing Party affected the Releasing Party's decision(s) with respect to the Settlement.  With respect to any and all Settled Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each Releasing Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his or her favor at the
> time of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and the Releasing Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims was separately bargained for and was a key element of the Settlement.

**B.    SCOPE AND EFFECT OF SETTLEMENT**

1.    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Settled Claims as against all Released Parties.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement reached voluntarily after consultation with experienced legal counsel.

2.    Upon the Effective Date, the Releasing Parties shall release and forever discharge each and every Settled Claim against each of the Released Parties, provided, however, that

nothing in this Stipulation shall bar any action or claims by Lead Plaintiffs to enforce the terms of this Stipulation. The Proof of Claim and Release ("Proof of Claim") to be executed by Class Members shall release all Settled Claims against the Released Parties and shall be substantially in the form attached as Exhibit 2 to Exhibit A. All Releasing Parties shall be bound by the releases set forth in the Judgment whether or not they submit a valid and timely Proof of Claim.

3.     Upon the Effective Date, any and all claims for contribution and/or indemnity (whether direct, implied, or equitable) by any Person against any Defendant relating to any Settled Claim or any claim by Members of the Class under federal, state or other law that has been or could have been asserted relating to transactions in MMC securities during the Class Period shall be barred.

4.     Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and relinquished all claims that have been or could have been asserted against the Releasing Parties, each and all of the Class Members, and/or Lead Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims.

5.     Upon the Effective Date, each Member of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all claims that have been or could have been asserted against Lead Plaintiffs and/or Lead Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims.

6.     Upon the Effective Date, Lead Plaintiffs, Defendants, Lead Counsel and Defendants' Counsel shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any claims arising out of

the Action for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure or otherwise.

**C.    SETTLEMENT FUND**

1.    In full settlement of the Settled Claims, MMC will deliver or cause to be delivered to the Escrow Agents $400,000,000.00 (comprising the Settlement Fund) for the benefit of Lead Plaintiffs and the Class as described below.

2.    $500,000.00 of the Settlement Fund shall be paid promptly into the Escrow Account on the second business day (as defined by Fed. R. Civ. P. 6) after the Court enters the Preliminary Approval Order and directs that notice be given to the Class. The balance of the Settlement Fund shall be paid into the Escrow Account no later than December 21, 2009.

3.    The Escrow Agents shall receive the payments described in paragraphs C.1 and C.2, deposit them into the Escrow Account, and invest the funds pursuant to and in the manner described in the Escrow Agreement. The Settlement Fund shall include all interest income resulting from investment of the payments deposited into the Escrow Account in accordance with paragraphs C.1 and C.2. The Escrow Agents shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, the Escrow Agreement, or upon order of the Court.

4.    Interest earned or accrued on the funds deposited into the Escrow Account from the date of deposit shall accrue for the benefit of the Class if the Settlement becomes final.

5.    If, for any reason, the Effective Date as defined at paragraph A.10 herein does not occur, all amounts in the Escrow Account (including interest, any unexpended monies allocated for notice and administration costs, any attorneys' fee and expenses awarded by the Court and any reimbursement of Lead Plaintiffs' costs and expenses for representation of the Class ordered

by the Court) shall be returned to MMC (less any Taxes due and payable by the Escrow Agent on interest earned and costs of the Escrow Agent and costs of notice to the Class or administration of the Settlement incurred but not yet expended or actually expended), and the proposed Settlement shall be ineffective and without prejudice to any Party, and each Party shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of the Stipulation.

   6. The Settlement Fund, net of any Taxes on the income thereof and any Tax Expenses, shall be used to pay the notice and administration expenses as authorized by this Stipulation, including all costs and expenses of identifying and notifying Class Members about the Action and the proposed Settlement, for soliciting the filing of claims by Class Members, assisting them in making their claims, processing and preparing the claims, and for otherwise administering, on behalf of the Class, the Settlement embodied in this Stipulation, and (i) the attorneys' fees and expenses as awarded by the Court, (ii) reimbursement of Lead Plaintiffs' costs and expenses for representation of the Class as ordered by the Court, and (iii) other fees and expenses authorized by the Court. The balance of the Settlement Fund after the above payments (the "Net Settlement Fund") shall be distributed to the Authorized Claimants.

**D. NOTICE AND ADMINISTRATION**

   1. Prior to the Effective Date, Lead Plaintiffs' designated representative, without authorization from any other party, may authorize the Escrow Agents to disburse up to an aggregate total of $500,000.00 of the Settlement Fund for notice and administration costs. For the purpose of this paragraph, notice and administration costs include the costs of identifying and notifying Class Members about the Action and the proposed Settlement, the costs of soliciting the filing of claims by Class Members, assisting them in making their claims, processing and

preparing the claims, and the costs of otherwise administering, on behalf of the Class, the Settlement embodied in this Stipulation.

2.    If this Settlement is not approved or the Effective Date does not occur or the Settlement otherwise, for whatever reason, does not become final as defined at paragraph A.10 herein, then any monies allocated for notice and administration, less any monies paid or expenses incurred but not yet paid, shall be transferred to, deposited into and disposed of as part of the Escrow Account.

**E.    ATTORNEYS' FEES AND EXPENSES**

1.    Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and reimbursement of expenses ("Fee and Expense Award").  In the absence of any timely filed objections to the Settlement or the Fee and Expense Award (or any part thereof), the Fee and Expense Award will be payable from the Settlement Fund immediately upon award. In the event that the Settlement or the Fee and Expense Award (or any part thereof) is challenged, the amount awarded for expenses will be payable from the Settlement Fund, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Settlement is terminated or the Fee and Expense Award is reduced or reversed.  Lead Counsel shall be jointly and severally liable for repayment of the Fee and Expense Award, or any portion thereof, that must be refunded or repaid to the Settlement Fund as a result of any appeal and/or further proceedings on remand, or successful collateral attack, that leads to termination of the Settlement or that causes the Fee and Expense Award to be reduced or reversed.  In the event that the Settlement or the Fee and Expense Award or any part thereof is challenged, to the extent

Lead Counsel seek to withdraw more than the amount awarded for expenses prior to the Effective Date, Lead Counsel shall be required to deliver to the Escrow Agents a standby letter of credit (a "Letter of Credit") meeting the requirements of this paragraph. The Letter of Credit shall be issued by an issuing bank ("Issuing Bank"), acceptable to MMC, that is a bank located in New York, New York that is credit worthy and shall be substantially in the form included as Exhibit C hereto. The amount of the Letter of Credit shall equal the amount of the withdrawal minus the amount awarded for expenses plus an amount equal to two percent (2%) thereof to cover the return of interest on the amount advanced at the same rate as earned by the Settlement Fund from the day of payment of the Fee and Expense Award to Lead Counsel to the date such amounts are returned to the Settlement Fund. The Letter of Credit shall name the Marsh & McLennan Companies, Inc. Securities Litigation Settlement Fund as beneficiary, and the original Letter of Credit will be delivered to the Escrow Agents prior to the payment of the Fee and Expense Award to Lead Counsel. The Letter of Credit shall expire no earlier than one year from the issuance thereof. The Escrow Agents shall be permitted to draw under the Letter of Credit if the Settlement is terminated, or if the Fee and Expense Award is finally reduced below the amount already paid. Upon the Effective Date of the Settlement and upon the finality of the Fee and Expense Award, the Escrow Agents shall return the Letter of Credit to Lead Counsel to be cancelled.

      2.     The Parties agree that Defendants will take no position on any application for attorneys' fees, costs and expenses or for reimbursement of costs and expenses of the Lead Plaintiffs for representation of the Class, and that any order or proceeding relating thereto shall not operate to terminate or cancel the Settlement.

F.    **THE PRELIMINARY APPROVAL ORDER**

Immediately upon execution of this Stipulation, Lead Plaintiffs and Defendants shall move the Court for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, providing for, among other things, preliminary approval of the Settlement and notice to the Class of the Settlement Hearing. The Preliminary Approval Order to be presented to the Court shall specifically include provisions which, among other things:

1.    Preliminarily approve the Settlement;

2.    Approve forms of mailed notice (together with a cover letter, the "Notice") and published notice (the "Summary Notice") (substantially in the forms attached as Exhibits 1 and 3 to Exhibit A), and the Proof of Claim (substantially in the form attached as Exhibit 2 to Exhibit A), for mailing and publishing notice to Members of the Class to inform them of the Settlement Fairness Hearing pertaining to (i) final approval of the Settlement and allocation of the Settlement Fund; and (ii) Lead Counsel's application for attorneys' fees and reimbursement of expenses and reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4);

3.    Direct Lead Counsel to mail or cause to be mailed the Notice and Proof of Claim to those Members of the Class who or which can be identified through reasonable effort from the shareholder records provided by MMC by no later than November 13, 2009. Nominees who purchased MMC securities during the Class Period will be requested to send the Notice and Proof of Claim to all beneficial owners within seven (7) days of receipt of the Notice or to send a list of the names and addresses of the beneficial owners to the Claims Administrator within seven (7) days of receipt of the Notice;

4.      Direct Lead Counsel to cause the Summary Notice to be published once in the national edition of The Wall Street Journal and cause a copy of the Notice to be transmitted over Business Wire;

5.      Direct Lead Counsel to serve on Defendants' Counsel and file with the Court proof, by affidavit, of the mailing and publication of the Notice and Summary Notice as provided for in paragraphs F.3 and F.4 hereof within three (3) days before the Settlement Fairness Hearing;

6.      Find that the mailing and publication pursuant to paragraphs F.3 and F.4 hereof constitute the best notice to Members of the Class practicable under the circumstances, including individual notice to all such Members of the Class that can be identified through reasonable effort, and is due and sufficient notice of the Settlement Fairness Hearing, proposed Settlement, application for attorneys' fees and expenses, reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class and other matters set forth in the Notice, and that the Notice and Summary Notice fully satisfy the requirements of due process, the Federal Rules of Civil Procedure, and § 21D(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA;

7.      Provide that Members of the Class who wish to participate in the Settlement Fund shall complete and submit a Proof of Claim in accordance with the instructions contained therein;

8.      Provide that, pending final determination of whether the Settlement should be approved, no Releasing Party, either directly, representatively, or in any other capacity, shall commence against any Released Party any action or proceeding in any court or tribunal asserting any of the Settled Claims;

9.     Schedule the Settlement Fairness Hearing to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable and adequate and whether an order approving the Settlement should be entered, whether the Plan of Allocation of the Settlement Fund should be approved, and whether to award attorneys' fees and reimbursement of expenses to Lead Counsel, and to consider reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4);

10.     Provide that any Class Member may object to the Settlement, any part of the Settlement, or Lead Counsel's request for attorneys' fees and reimbursement of expenses or for Lead Plaintiffs' reimbursement of costs and expenses for representation of the Class;

11.     Provide that any objections to the Settlement shall be heard and any papers submitted in support of said objections shall be received and considered by the Court at the Settlement Fairness Hearing (unless, in its discretion, the Court shall direct otherwise) only if Persons making objections shall file notice of their intention to appear and copies of any papers in support of their position, along with proof of membership in the Class, with the Clerk of the Court and serve such notice and papers on Lead Counsel and counsel to MMC;

12.     Provide that, upon the Effective Date, all Releasing Parties that have not requested exclusion from the Class, whether or not they submit a Proof of Claim within the time provided for, and whether or not they participate in the Settlement Fund, shall be barred from asserting any Settled Claims, and all such Releasing Parties shall be conclusively deemed to have released the Released Parties from any and all such Settled Claims;

13.    Provide that no Person that is not a Member of the Class or counsel to the Class shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in this Stipulation;

14.    Provide that any Member of the Class shall have the option of excluding himself, herself or itself from the Class by mailing a timely and valid request for exclusion (which must include information sufficient to establish purchase and/or sale of MMC securities); and

15.    Provide that the Settlement Fairness Hearing may, from time to time and without further notice to the Class, be continued by order of the Court.

16.    The Parties shall use their best efforts to cause the Preliminary Approval Order to be entered on or before November 10, 2009. The Preliminary Approval Order shall specify that all objections to the proposed Settlement, all notices of intention to appear and be heard at the Settlement Fairness Hearing and all requests for exclusion from the Class must be delivered to the addresses specified in the Preliminary Approval Order and received no later than December 14, 2009. This December 14, 2009 deadline may not be adjusted for any reason without the consent of each of the Parties.

## G.    FINAL APPROVAL ORDER AND JUDGMENT TO BE ENTERED BY THE COURT APPROVING THE SETTLEMENT

Upon approval by the Court of the Settlement contemplated by this Stipulation, counsel for the Parties shall request that the Court enter the Judgment, substantially in the form of Exhibit B attached hereto, which shall:

1.    Approve the Settlement embodied in this Stipulation as fair, reasonable and adequate to the Class;

2.     Approve the Plan of Allocation of the Settlement Fund proposed by Lead Counsel;

3.     Dismiss the Action in its entirety as against Defendants as to Lead Plaintiffs and Class Members with prejudice and without costs to any Party as against any other Party except as provided herein;

4.     Adjudge, subject to sections H and I below, that:

(a)     The Releasing Parties shall be deemed conclusively to have released and settled each and every Settled Claim against each of the Released Parties, except that nothing in this Stipulation shall bar any action or claims by Lead Plaintiffs or Members of the Class to enforce the terms of this Stipulation;

(b)     Any and all claims for contribution and/or indemnity (whether direct, implied, or equitable) by any Person against any Defendant relating to any Settled Claim or to any claim by Members of the Class under federal, state or other law that has been or could have been asserted relating to transactions in MMC securities during the Class Period shall be barred;

(c)     Each of the Defendants shall be deemed conclusively to have released and settled any and all claims that have been or could have been asserted against the Releasing Parties and/or Lead Counsel or Members of the Class arising out of or based on the facts, matters or circumstances alleged in the Action or arising out of or based on or otherwise relating to the institution, prosecution or settlement of the Action or the Settled Claims;

(d)     Each Member of the Class shall be deemed conclusively to have released and settled any and all claims that have been or could have been asserted against Lead Plaintiffs and/or Lead Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims;

(e)     Lead Plaintiffs, Defendants, Lead Counsel and Defendants' Counsel shall be deemed conclusively to have, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all claims arising out of the Action for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure or otherwise;

5.     Each Releasing Party shall be barred and permanently enjoined from prosecuting the Settled Claims against the Released Parties; and

6.     Jurisdiction shall be reserved, without affecting the finality of the Judgment entered, over:

(a)     Implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned/accrued thereon;

(b)     Distribution of the Settlement Fund;

(c)     Hearing and determining Lead Counsel's applications for attorneys' fees, costs, and expenses and for reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class pursuant to the PSLRA;

(d)     Enforcing and administering this Stipulation, including any releases in connection therewith; and

(e)     Other matters related or ancillary to the foregoing.

7.     The Parties shall use their best efforts to cause the Judgment to be entered on or before December 29, 2009.

## H.     CONDITIONS OF SETTLEMENT

1.     This Stipulation shall be subject to the following conditions, in addition to those provided in paragraph I hereof:

(a)    The Court shall have entered the Preliminary Approval Order, as required by section F above;

(b)    The Court shall have entered the Judgment, as required by section G above;

(c)    An Effective Date as defined in paragraph A.10 above shall have occurred;

(d)    MMC shall have paid or caused to be paid $400,000,000.00 into the Escrow Account, as set forth in section C above; and

(e)    MMC shall not have exercised its right to terminate the Settlement pursuant to paragraph H.2 below.

2.    Lead Counsel and counsel for MMC have executed a "Supplemental Agreement" setting forth certain conditions under which MMC shall have the option to terminate the Settlement without prejudice in the event that Class Members (which Persons would otherwise be entitled to participate as Members of the Class) that in the aggregate incurred a given amount of losses timely and validly request exclusion from the Class. Unless otherwise required by the Court, the Supplemental Agreement shall not be filed prior to the deadline for Members of the Class to submit requests for exclusion from the Class unless a dispute arises as to the terms of the Supplemental Agreement. Should MMC choose to exercise its option to terminate the Settlement under the Supplemental Agreement, such option to terminate shall be exercised by serving written notice, from counsel for MMC to Lead Counsel, on or before 5 p.m. Eastern Time on December 16, 2009. In the event of a termination of the Settlement pursuant to the Supplemental Agreement, this Stipulation shall be null and void and of no further force and effect. Notwithstanding the foregoing, this Stipulation shall not become null and void as a result

23

of the election by MMC to exercise its option to terminate the Settlement pursuant to the Supplemental Agreement until the conditions in the Supplemental Agreement have been satisfied.

3.    Upon the satisfaction of all of the conditions described in paragraph H.1 hereof, each Releasing Party shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims against the Released Parties, whether or not such Releasing Party executes and delivers a Proof of Claim.  Only those Members of the Class that submit valid Proofs of Claim shall be entitled to receive any distributions from the Net Settlement Fund.  The Proof of Claim to be executed by a Member of the Class shall release all Settled Claims against the Released Parties and shall be substantially in the form attached as Exhibit 2 to Exhibit A.

4.    Upon the satisfaction of all of the conditions described in paragraph H.1 above, the obligation of the Escrow Agents to return funds from the Settlement Fund to MMC pursuant to paragraph I.2 hereof shall be absolutely and forever extinguished.

**I.    EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

1.    Without limiting the provisions of section G or H above, a condition of this Stipulation is that the Settlement shall be approved by the Court under applicable provisions of Federal law.  However, if: (i) the Court does not timely enter the Judgment provided for in section G or (ii) the Court enters the Judgment and appellate review is sought and on such review the Judgment is materially modified or reversed, or (iii) any of the conditions of paragraph H.1 are not satisfied, then the Settlement shall be cancelled and terminated unless counsel for each of the Parties to this Stipulation, within ten (10) business days from the receipt of such ruling or written notice of such circumstances, agree in writing to proceed with this Stipulation and

Settlement. For purposes of this paragraph, an intent to proceed shall not be valid unless it is expressed in writing by: (a) Lead Counsel; and (b) Defendants' Counsel. Such notice shall be provided on behalf of the Parties to this Stipulation only by their counsel. Neither a modification nor reversal on appeal of any amount of fees, costs or expenses awarded by the Court to Lead Counsel or Lead Plaintiffs shall be deemed a material modification of the Judgment, the Settlement or this Stipulation.

      2.     If either (a) the Effective Date does not occur, or (b) the Settlement is canceled or terminated pursuant to the terms herein, then the entire amount of the Settlement Fund remaining in the Escrow Account (including all accrued interest less any Taxes, fees or charges owing with respect to the Settlement Fund less any expenses and costs which have not yet been paid but are properly chargeable to the administration of the Settlement) shall be refunded by the Escrow Agents to MMC within ten (10) business days after receipt of written notice from counsel for MMC of either of the above events.

      3.     If either (a) the Effective Date does not occur, or (b) the Settlement is cancelled or terminated pursuant to the terms herein, any expenses already incurred and properly chargeable to the notice and administration of the Settlement at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agents prior to the balance being refunded to MMC pursuant to paragraph I.2.

      4.     If the Effective Date does not occur, or if the Settlement is terminated or canceled pursuant to the terms herein, all of the Parties to this Stipulation shall be deemed to have reverted to their litigation positions immediately prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action.

## J.    ESCROW AGENTS

1.    The Escrow Agents are authorized to execute such transactions as are consistent with the terms of this Stipulation.

2.    The Settlement Fund shall be deemed in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further orders of the Court. The Settlement Fund shall be held in the Escrow Account, a separate account, and shall be invested and reinvested by the Escrow Agents in accordance with the terms of the Escrow Agreement. If any of the occurrences specified in paragraph H.1 do not occur or the Settlement is disapproved, canceled or terminated, the Escrow Agents shall return such funds to MMC pursuant to paragraph I.2.

3.    Prior to the Effective Date, disbursements for notice and administration costs shall be made at the sole direction of Lead Counsel. Prior to the Effective Date, disbursements out of the remaining portion of the Settlement Fund contained in the Escrow Account for an award of Attorneys' Fees and Expenses shall be made consistent with the terms and provisions of this Stipulation. Any other disbursement out of the remaining portion of the Settlement Fund prior to the Effective Date (except for disbursements to pay Taxes) shall be made only upon order of the Court. Upon and after the Effective Date, disbursements out of the Settlement Fund contained in the Escrow Account shall be made at the direction of Lead Counsel or by order of Court. The Released Parties have no responsibility for, and no potential liability for, improper or erroneous disbursements out of the Settlement Fund contained in the Escrow Account, and no such erroneous distributions shall change, modify or increase the liability of the Defendants under this Stipulation.

**K.    ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS AND DISTRIBUTION OF SETTLEMENT FUND**

1.    Lead Counsel, or their authorized agents, acting on behalf of the Class, and subject to the supervision, direction and approval of the Court, shall administer and calculate the claims submitted by Members of the Class and shall oversee distribution of the Settlement Fund.

2.    The Settlement Fund shall be applied as follows:

(a)    Subject to the approval and further order(s) of the Court, to pay to Lead Counsel the Fee and Expense Award, and to reimburse Lead Plaintiffs' costs and expenses for representation of the Class pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4), if and to the extent allowed by the Court; and

(b)    To distribute the Net Settlement Fund to Authorized Claimants as set forth in paragraphs K.6, K.7 and K.10 below.

3.    The Parties agree that they intend the Settlement Fund to be a "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1 for all taxable years of the Settlement Fund, beginning with the date it is created.  The Parties agree to take no action inconsistent with the treatment of the Escrow Account in such a manner.  In addition, the Escrow Agents and, as required, the Parties, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. Section 1.468B-l(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agents to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.    For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be one of the Escrow Agents other than Gibson, Dunn & Crutcher LLP.  The Escrow Agents shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. Sections 1.468B-2(k) and 1.468B-2(l)), and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. Section 1.6302-1.  Such returns (as well as the elections described in paragraph K.3) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph K.5 hereof.

5.    All (i) taxes (including any interest or penalties) arising with respect to the income earned by the Settlement Fund ("Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agents out of the Settlement Fund without prior order from the Court. The Escrow Agents shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Members of the Class any funds necessary to pay such amounts, and to establish adequate reserves for any Taxes and Tax Expenses; and the

Released Parties are not responsible and shall have no liability therefor. The Parties hereto agree to cooperate with the Escrow Agents, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

6.    Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be available for allocation to Authorized Claimants as follows:

(a)   Each Person claiming to be an Authorized Claimant shall be required to submit a separate Proof of Claim that shall include a release of the Released Parties, the Lead Plaintiffs and Lead Counsel in substantially the form attached as Exhibit 2 to Exhibit A, signed under penalty of perjury, and supported by such documents as specified in the Proof of Claim;

(b)   All Proofs of Claim must be postmarked no later than February 22, 2010. Unless otherwise ordered by this Court, any Member of the Class that fails to submit a properly completed Proof of Claim within such period shall be forever barred from receiving any payments pursuant to this Stipulation or from the Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Judgment, including, without limitation, the release of the Settled Claims and the dismissal, with prejudice, of the Action;

(c)   Lead Counsel, in the interest of achieving substantial justice, shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted;

(d)   Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to attempt to remedy curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify in a timely fashion, and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the

29

reasons thereof, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of paragraph K.6(e) below;

(e) If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required by paragraph K.6(d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, the Claimant may thereafter present the request for review to the Court. Claimants involved in such a dispute whose rejection is ultimately upheld by the Court shall (i) be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but shall in all respects be subject to and bound by this Stipulation and the Settlement, including the releases provided for in this Stipulation, the Proof of Claim, and the Judgment; (ii) be conclusively deemed to have fully, finally and forever released, relinquished, and discharged all Settled Claims; (iii) be conclusively deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties, Lead Plaintiffs and Lead Counsel from all claims, including without limitation, Settled Claims or claims arising out of or in connection with the institution, prosecution, or assertion of the Action or the Settled Claims; (iv) be conclusively deemed to have covenanted not to sue any Released Party, Lead Plaintiffs and Lead Counsel in any action or proceeding of any nature with respect to the Settled Claims; and (v) forever be enjoined and barred from asserting the Settled Claims against any Released Party, Lead Plaintiffs and Lead Counsel in any action or proceeding of any nature, whether or not such Claimants have filed an

30

objection to the Settlement, the proposed Plan of Allocation, or any application by Lead Counsel for an award of attorneys' fees, expenses and costs, whether or not the claims of such Claimants have been approved or allowed, or such objection has been overruled by the Court;

7.    The Net Settlement Fund shall be allocated among Authorized Claimants and distributed in accordance with the Plan of Allocation as set forth in the Notice (Exhibit 1 to Exhibit A). The Plan of Allocation set forth in the Notice is not a necessary term of the Stipulation, and it is not a condition of the Stipulation that any particular Plan of Allocation be approved.

8.    Payment in accordance with the Plan of Allocation shall be deemed conclusive of compliance with this Stipulation against all Authorized Claimants. All Members of the Class who fail to submit valid and timely Proofs of Claim shall be barred from participating in distributions from the Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of this Stipulation, including the terms of any final orders or judgments entered and the releases given:

(a)    The Released Parties shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the determination, administration, calculation or payment of claims to Members of the Class. The definition of recognized loss in the Plan of Allocation ("Recognized Loss") may be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceedings relating to the method of calculating the Recognized Loss, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement. The method of calculating the Recognized Loss was determined by Lead Counsel. Defendants deny that the price of MMC's

31

securities was artificially affected or inflated by Defendants' conduct. Lead Plaintiffs disagree with this denial.

(b)    In connection herewith, Defendants shall have no involvement in the solicitation of Proofs of Claim, except with respect to providing shareholder records pursuant to paragraph F.3, or any involvement in the administration process itself, which will be conducted for the Class by Lead Counsel or persons retained by them in accordance with this Stipulation and the Judgment to be entered by the Court; provided, however, that MMC and Marsh shall not be precluded from communicating with Company employees regarding the Settlement.

(c)    Nothing in this Stipulation shall be construed to provide Defendants with standing to challenge or question any fee and expense application by Lead Counsel or fee and expense award to them or any reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class pursuant to the PSLRA.

(d)    No Authorized Claimant shall have any claim against Lead Plaintiffs, Lead Counsel or the Claims Administrator based on any distributions made substantially in accordance with either this Stipulation or as modified by the Court.

9.    This is not a "claims made" settlement. Defendants expressly, finally and forever waive, and shall have no right to the return of all or any part of the Settlement Fund upon the Effective Date.

10.    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator after application to the Court by Lead Counsel for an order regarding distribution ("Class Distribution Order") only after the Effective Date and after: (i) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection

or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iii) all matters with respect to attorneys' fees, expenses and costs and reimbursement of costs and expenses for representation of the Class have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

11.    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members that are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Class Members that have cashed their checks and that would receive at least $20.00 from such re-distribution. If after six (6) months after such re-distribution, any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to a non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel, subject to Court approval.

## L.    NO ADMISSIONS

1.    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be:

(a)    offered or received against the Defendants or against the Lead Plaintiffs or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or by the Lead Plaintiffs or the Class with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that has

been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b)    offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiffs and the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(c)    offered or received against the Defendants or against the Lead Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)    construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Fund; or

(e)    construed or received as an admission or finding of wrongful conduct, wrongful acts or wrongful omissions on the part of the Defendants or Lead Plaintiffs or the Class or be admissible in any proceeding for any purpose whatsoever except to show that this Stipulation was entered into, and except that this Stipulation shall be admissible for all purposes

solely in proceedings brought by Defendants or Lead Plaintiffs to enforce the terms of this Stipulation.

## M.    MISCELLANEOUS PROVISIONS

1.    The Parties hereto: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

3.    This Stipulation may be amended or modified only by a written instrument signed by Lead Counsel and Defendants' Counsel.

4.    This Stipulation and the exhibits attached hereto (along with the Supplemental Agreement that will not be filed, unless otherwise required by the Court, prior to the deadline for Members of the Class to exclude themselves from the Class) constitute the entire agreement among the Parties hereto and no representations, warranties or inducements have been made to any Party concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

5.    Except as otherwise provided herein, each Party shall bear its own costs.  Lead Counsel's attorneys' fees and expenses, subject to Court approval, shall be paid only out of the Settlement Fund.

6.    Lead Counsel, on behalf of the Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to

effectuate its terms and is also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class.

7.  This Stipulation may be executed in one or more original, photocopied or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

8.  This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties hereto, provided, however, that no assignment by any Party hereto shall operate to relieve such Party of its obligations hereunder.

9.  All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the laws of the State of New York without regard to its rules of conflicts of law and in accordance with the laws of the United States.

10.  This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations which preceded the execution of this Stipulation, all Parties hereto have contributed substantially and materially to the preparation of this Stipulation.

11.  The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

12.  The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other breach of this Stipulation. The provisions of this

Stipulation may not be waived except by a writing signed by the affected Party, or counsel for that Party.

13.    Without further order of the Court, counsel for the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14.    Nothing in this Stipulation, the Settlement, the negotiations relating thereto, the mediation, or the process or content of discovery, is intended to be or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege or work product immunity.

15.    All counsel and any other Person executing this Stipulation, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

16.    All notices required or permitted under or pertaining to this Stipulation shall be in writing and delivered by overnight mail and email.  Any notice shall be deemed to have been given on the date of transmission of the email.  Notices shall be delivered to the Parties at the following addresses until a different address has been designated by notice to the other Parties:

Wesley G. Howell, Esq.
**GIBSON DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, NY  10166
whowell@gibsondunn.com

Pamela Rogers Chepiga, Esq.
**ALLEN & OVERY**
1221 Avenue of Americas
New York, NY 10020
pamela.chepiga@allenovery.com

Lawrence Bader, Esq.
**MORVILLO, ABRAMOVITZ, GRAND,**
**IASON, ANELLO & BOHRER, P.C.**
565 Fifth Avenue
New York, NY 10017
LBader@maglaw.com

Stanley D. Bernstein, Esq.
**BERNSTEIN LIEBHARD LLP**
10 East 40th Street, 22nd Floor
New York, NY 10016
bernstein@bernlieb.com

Keith M. Fleischman, Esq.
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
kfleischman@gelaw.com

17.    If a case is commenced in respect of any Defendant contributing to the Settlement

Fund under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator,

or other fiduciary is appointed under any similar law, and in the event of the entry of a final order

of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or

any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer,

fraudulent transfer or similar transaction and any portion thereof is required to be returned, and

such amount is not promptly deposited to the Settlement Fund by others, then, at the election of

Lead Counsel, the Parties shall jointly move the Court to vacate and set aside the releases given

and Judgment entered in favor of the Defendants pursuant to this Stipulation, which releases and

Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation immediately prior to the execution of this Stipulation and any cash amount in the Settlement Fund shall be returned.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

Stanley D. Bernstein, Esq.
**BERNSTEIN LIEBHARD LLP**
10 East 40th Street, 22nd Floor
New York, NY 10016

Keith M. Fleischman, Esq.
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017

*Counsel for Lead Plaintiffs and the Class*

Wesley G. Howell, Esq.
**GIBSON DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, NY 10166

*Counsel for Defendants Marsh & McLennan*
*Companies, Inc. and Marsh Inc.*

_Pamela Rogers Chepiga, Esq._
**ALLEN & OVERY**
1221 Avenue of Americas
New York, NY 10020

***Counsel for Defendant Jeffrey Greenberg***


Lawrence Bader, Esq.
**MORVILLO, ABRAMOVITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.**
565 Fifth Avenue
New York, NY 10017

***Counsel for Defendant Roger Egan***

_____

Pamela Rogers Chepiga, Esq.
**ALLEN & OVERY**
1221 Avenue of Americas
New York, NY 10020

*Counsel for Defendant Jeffrey Greenberg*

_____

Lawrence Bader, Esq.
**MORVILLO, ABRAMOVITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.**
565 Fifth Avenue
New York, NY 10017

*Counsel for Defendant Roger Egan*