USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
IN RE MARSH & MCLENNAN : CIVIL ACTION
COMPANIES, INC. SECURITIES : No. 04-CV-08144 (CM)
LITIGATION :
------------------------------------------------x
------------------------------------------------x
THIS DOCUMENT RELATES TO :
ALL ACTIONS :
------------------------------------------------x

## PRELIMINARY APPROVAL ORDER

WHEREAS, the plaintiffs, the Public Employees Retirement System of Ohio, the State Teachers Retirement System of Ohio, the Ohio Bureau of Workers' Compensation and the State of New Jersey, Department of Treasury, Division of Investment, on behalf of itself and the Common Pension Fund A, the DCP Equity Fund, and the Supplemental Annuity Collective Trust Fund (collectively, "Lead Plaintiffs") and defendants Marsh & McLennan Companies, Inc. ("MMC"), Marsh Inc. ("Marsh"), Jeffrey Greenberg ("Greenberg") and Roger Egan ("Egan") (collectively, "Defendants"), by and through their respective attorneys, having made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order certifying a class for settlement purposes and preliminarily approving the settlement (the "Settlement") of this Action in accordance with the Stipulation and Agreement of Settlement dated November 10, 2009 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Action, and the Court having read and considered the Stipulation and the exhibits annexed thereto:

NOW, THEREFORE, IT IS HEREBY ORDERED that:

    1.    The definitions in the Stipulation are incorporated herein.

2. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, this Action is hereby certified as a class action on behalf of all Persons that purchased or otherwise acquired MMC securities between October 14, 1999 and October 13, 2004, inclusive, and that claim to have suffered losses as a result of such purchase or acquisition, except not included in the Class are: (1) MMC and Marsh and the officers, directors, employees, affiliates, parents, subsidiaries, representatives, predecessors and assigns of each of them; (2) Greenberg and Egan and the immediate families, employees, affiliates, representatives, heirs, predecessors, successors and assigns of each of them and any entity in which either of them has a controlling interest; and (3) those Persons that would otherwise be Members of the Class but that submit valid and timely requests for exclusion in accordance with this Preliminary Approval Order.

4. The Court finds, for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impractical; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are certified as Class Representatives and Lead Counsel are certified as Class Counsel.

6.   A hearing (the "Settlement Fairness Hearing") shall be held before this Court on December 23, 2009 at _11_ a.m. in the Courtroom of the Honorable Colleen McMahon, United States District Judge for the Southern District of New York, Courtroom _14c_, United States Courthouse, 500 Pearl Street, New York, New York 10007, to finally determine whether this Action satisfies the requirements for class treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure; to determine whether the proposed Settlement should be approved as fair, reasonable and adequate and whether a judgment approving the Settlement (the "Judgment" provided for in the Stipulation) should be entered thereon; to determine whether the Plan of Allocation regarding the Settlement Fund as set forth in the Notice is fair and reasonable and should be approved; to consider an award of attorneys' fees and reimbursement of expenses to Lead Counsel; to consider reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class pursuant to the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4(a)(4); and to rule on such other matters as the Court may deem appropriate.

7.   The Settlement Fairness Hearing may be adjourned by the Court without notice to the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Fairness Hearing or at the scheduled time of any adjournment of the Settlement Fairness Hearing. The Court may consider modifications of the Settlement without further notice to the Class.

8.   The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release Form (the "Proof of Claim"), and

the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), attached as Exhibits 1, 2 and 3 hereto, and finds that the mailing and distribution of the Notice and Proof of Claim and the publication of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7) as amended by the PSLRA, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

9.  Lead Counsel is hereby authorized to retain Rust Consulting, Inc. as the Claims Administrator. The Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before November 13, 2009, to all Class Members that can be identified with reasonable effort. The date of such initial mailing of the Notice and Proof of Claim shall be referred to as the "Notice Date." MMC shall upon entry of this Preliminary Approval Order immediately cause its transfer records and shareholder information to be made available to the Claims Administrator for the purposes of identifying and giving notice to the Class.

10. Not later than November 20, 2009, Lead Counsel shall cause the Summary Notice, substantially in the form attached as Exhibit 3, to be published once in the national edition of *The Wall Street Journal* and cause a copy of the Notice to be transmitted over Business Wire.

11. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons that purchased or otherwise acquired MMC securities during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed within seven (7) days of their receipt of the Notice to forward

copies of the Notice and Proof of Claim to their beneficiaries that are Members of the Class. Lead Plaintiffs will make available additional copies of the Notice and Proof of Claim forms to any record holder requesting copies for purposes of distribution to beneficial owners. In the alternative, such nominee purchasers within seven (7) days of their receipt of the Notice and Proof of Claim may provide the Claims Administrator with lists of the names and addresses of the beneficial owners, in which case the Claims Administrator shall cause the Notice and Proof of Claim to be mailed promptly to the beneficial owners identified by such nominees. Upon receipt of a timely request for reimbursement, Lead Counsel shall promptly reimburse the nominee purchaser from the Settlement Fund for all costs reasonably incurred in gathering and forwarding the names and addresses of beneficial owners to the Claims Administrator, or forwarding the Notice and the Proof of Claim to beneficial owners, as the case may be.

12.     Lead Counsel shall also cause copies of the Notice and Proof of Claim to be mailed as soon as practicable to Persons that indicate, in response to the Summary Notice or otherwise, that they purchased MMC securities during the Class Period and to other Persons that are identified as beneficial purchasers of MMC securities during the Class Period.

13.     At least three (3) days before the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof of the publication of the Summary Notice and the mailing of the Notice.

14.     All Members of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable, except for such Persons requesting exclusion from the Class in a timely and proper manner.

15.     Any Person may seek to be excluded from the Class by submitting a written request for exclusion. Any request for exclusion must be received by the Claims Administrator

no later than 5:00 p.m. Eastern Time on December 14, 2009 and sent via the methods set out in the Notice. This December 14, 2009 deadline may not be adjusted without the consent of each of the Parties. Any Members of the Class so excluded shall not be bound by the terms of the Stipulation, or be entitled to any of its benefits, and shall not be bound by the Judgment and/or other order of the Court in this Action, whether pursuant to the Stipulation or otherwise.

16. Any Member of the Class that has not requested exclusion may appear with or without counsel, and show cause, if such Class Member has any cause, why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate or why a judgment should not be entered thereon, why attorneys' fees and expenses should not be awarded to Lead Counsel in the amount requested, why the proposed Plan of Allocation of the Settlement Fund should not be approved or why reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class should not be awarded; <u>provided</u>, <u>however</u>, that no Member of the Class or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, the attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs, or the Plan of Allocation of the Settlement Fund, unless that Person has delivered via the methods set out in the Notice written objections and copies of any papers and briefs, to be received no later than 5:00 p.m. Eastern Time on December 14, 2009 (which date may not be modified without the consent of each of the Parties) upon the following:

| | |
|---|---|
| Stanley D. Bernstein, Esq.<br>**BERNSTEIN LIEBHARD LLP**<br>10 East 40th Street, 22nd Floor<br>New York, New York 10016 | Wesley G. Howell, Esq.<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Ave., 47th Floor<br>New York, New York 10166 |
| Keith M. Fleischman, Esq.<br>**GRANT & EISENHOFER P.A.**<br>485 Lexington Ave., 29th Floor<br>New York, New York 10017<br><br>**Lead Counsel for Lead Plaintiffs** | **Counsel for Marsh & McLennan Companies, Inc. and Marsh Inc.** |

and has filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York, to be received by December 14, 2009. Any such written objection must include proof of membership in the Class (e.g., proof of purchases and sales of MMC securities during the Class Period). Any Member of the Class that does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the distribution of the Settlement Fund and Plan of Allocation, to the award of attorneys' fees and expenses to Lead Counsel and to the award of reimbursement to Lead Plaintiffs of costs and expenses for representation of the Class. Attendance at the hearing is not necessary; however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for an award of attorneys' fees and expenses and costs and expenses of Lead Plaintiffs, are required to indicate in their written objection their intention to appear at the hearing. Persons that intend to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for an award of attorneys' fees and expenses and that desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity

of any witness they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

17. Any response to any objections shall be filed no later than December 18, 2009. Only Class Members shall have any rights with respect to approval of or objection to the Settlement, the Plan of Allocation or the application by Lead Counsel or Lead Plaintiffs for attorneys' fees and reimbursement of out-of-pocket expenses and for reimbursement of costs and expenses for representation of the Class pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4).

18. Any Class Member that does not object to the Settlement and/or the Plan of Allocation and/or the adequacy of representation and/or Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses in the manner prescribed in the Notice shall be deemed forever to have waived such objections and shall forever be barred from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, the adequacy of representation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of expenses from otherwise being heard concerning these subjects in this or any other proceeding.

19. All papers in support of the Settlement, the distribution of the Settlement Fund and any application for attorneys' fees and reimbursement of out-of-pocket expenses, and for reimbursement of costs and expenses for representation of the Class pursuant to the PSLRA shall be filed no later than December 18, 2009.

20. Any Member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. Members of the Class that do not enter an appearance will be represented by Lead Counsel.

21. Members of the Class that wish to participate in the Settlement Fund shall complete and timely submit Proofs of Claim and Releases in accordance with the instructions contained therein. All Proofs of Claim must be postmarked no later than February 22, 2010.

22. Neither Defendants nor Defendants' Counsel shall have any right or liability with respect to or responsibility for the Plan of Allocation or any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Lead Counsel or any application for payments to the Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23. Upon the Effective Date of the Settlement, all Releasing Parties that have not timely and validly requested exclusion, whether or not they filed a Proof of Claim within the time provided for, and whether or not they participate in the Settlement Fund, shall be deemed conclusively to have released and settled each and every Settled Claim against each of the Released Parties and to have released Lead Plaintiffs and Lead Counsel from all claims relating to and including the Settled Claims, except that nothing in this Order or the Stipulation shall bar any action or claims by Lead Plaintiffs or Members of the Class to enforce the terms of the Stipulation.

24. The payment of the Settlement Fund in accordance with the terms and obligations of the Stipulation is approved, and no Person not a Member of the Class or Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation or the Escrow Agreement.

25. Pending final determination of whether the Settlement should be approved, no Releasing Party, either directly, representatively, or in any other capacity, shall commence against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

26. At or after the Settlement Hearing, the Court will determine whether the motion of Lead Counsel for an award of attorneys' fees and reimbursement of out-of-pocket expenses and for reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class pursuant to the PSLRA should be approved.

27. All reasonable costs incurred in identifying and notifying Members of the Class, as well as administering the Settlement and distributing the Net Settlement Fund, shall be paid as set forth in the Stipulation.

28. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

Dated: 11/10 2009

BY THE COURT:

_____
COLLEEN MCMAHON, U.S.D.J.