USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
IN RE MARSH & MCLENNAN         :     CIVIL ACTION NO.
COMPANIES, INC. SECURITIES     :     04-CV-08144 (CM)
LITIGATION                     :
---------------------------------------------------x
---------------------------------------------------x
THIS DOCUMENT RELATES TO       :
ALL ACTIONS                    :
---------------------------------------------------:

## FINAL APPROVAL ORDER AND
## JUDGMENT OF DISMISSAL WITH PREJUDICE

On the 23rd day of December, 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated November 10, 2009 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Amended Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Amended Complaint on the merits with prejudice in favor of the Defendants and as against all Persons that are Members of the Class herein that have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; (4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses; and (5) whether and in what amount to award the Lead Plaintiffs (also referred to herein as the "Class Representatives") reimbursement of costs and expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was

mailed to all Persons reasonably identifiable that purchased or otherwise acquired MMC securities between October 14, 1999 and October 13, 2004 (except those Persons excluded from the definition of the Class), as shown by the records of MMC's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of the Wall Street Journal and transmitted over *Business Wire* pursuant to the specification of the Court.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Unless otherwise defined herein, all capitalized terms used herein have the meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members and the Defendants.

3. The Court finds that the prerequisites for a class action under the Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the Class Representatives' claims are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Members of the Class; and (f) a class action is superior to other available methods for fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action on behalf of all Persons that purchased or otherwise acquired MMC securities between October 14, 1999 and October 13, 2004, inclusive, and that

claim to have suffered losses as a result of such purchase or acquisition, except not included in the Class are: (1) MMC and Marsh and the officers, directors, employees, affiliates, parents, subsidiaries, representatives, predecessors and assigns of each of them; (2) Greenberg and Egan and the immediate families, employees, affiliates, representatives, heirs, predecessors, successors and assigns of each of them and any entity in which either of them has a controlling interest; and (3) those Persons that would otherwise be Members of the Class but that submit valid and timely requests for exclusion in accordance with this Final Approval Order.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs as Class Representatives.

6.  Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members that could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, Rule 23.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

7.  The Members of the Class that have filed timely and valid requests for exclusion are not bound by this Judgment. A listing of those Persons is attached hereto as Exhibit "A".

8. All other Members of the Class are bound by this Judgment and by the Settlement, including the releases provided for in this Judgment.

9. Only seven objections were filed to the terms of the Settlement or the ceiling on the fees and expenses requested by Lead Counsel contained in the Notice. Of these seven objections, only one complied with the requirements set forth in the Notice in terms of timing and form and this objection has since been withdrawn. The remaining objections to the Settlement have been considered and overruled. *[handwritten: have been withdrawn.]*

10. Neither this Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants or against the Lead Plaintiffs or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or by the Lead Plaintiffs or the Class with respect to the truth of any fact alleged by Lead Plaintiffs or the validity or deficiency of any claim that has been or could have been asserted in the Action or in any litigation, or the validity or deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiffs and the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

4

(c) offered or received against the Defendants or against the Lead Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary or appropriate to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Fund; or

(e) construed or received as an admission of wrongful conduct, wrongful acts or wrongful omissions on the part of the Defendants or Lead Plaintiffs or the Class or be admissible in any proceeding for any purpose whatsoever except to show that this Stipulation was entered into, and except that this Stipulation shall be admissible for all purposes solely in proceedings brought by Defendants or Lead Plaintiffs to enforce the terms of the Stipulation.

11. The Stipulation and Settlement are fair, reasonable and adequate as to the Class, and the Stipulation and Settlement are hereby finally approved in all respects, and the Parties to the Stipulation are hereby directed to consummate and perform its terms.

12. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms.

13. The Action is dismissed with prejudice as to Defendants and without costs to any Party as against any other, except as otherwise provided in the Stipulation.

14. The Releasing Parties are hereby permanently barred and enjoined from instituting, commencing, or prosecuting the Settled Claims against the Released Parties. "Settled Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever by the Releasing Parties against the Released Parties (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever, or injunctive, equitable or other relief), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), that relate to transactions in MMC securities during the Class Period: and (i) that have been asserted in this Action by Lead Plaintiffs or the Class Members against any of the Released Parties; (ii) that have been or could have been asserted in any forum by any of the Releasing Parties against any of the Released Parties that arise out of, relate in any way to or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint; or (iii) that have been or could have been asserted in this Action or any forum by any of the Releasing Parties against any of the Released Parties, which arise out of or relate in any way to the defense or settlement of this Action. "Unknown Claims" means any and all Settled Claims which any Releasing Party does not know or suspect to exist in the Releasing Party's favor at the time of the release of the Released Parties, which if known by the Releasing Party might have affected the Releasing Party's decision(s) with respect to the Settlement. With respect to any and all Settled Claims, the Parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and the Defendants shall expressly waive, and each Releasing Party shall be deemed to have waived, and by

operation of this Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." "Released Parties" means Defendants named in the Action, including each of their respective predecessors, successors, parents, subsidiaries and affiliates, and any past, present or future officers, directors, employees, agents, insurers, attorneys, partners, accountants, consultants or advisors of any of them, and the heirs, executors, administrators, representatives or assigns of any of them. "Releasing Parties" means the Class Members, and each of them, including Lead Plaintiffs. The Settled Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

15. Releasing Parties that have not timely and validly requested exclusion shall be deemed conclusively to have released and settled each and every Settled Claim against each of the Released Parties, except that nothing in this Order or the Stipulation shall bar any action or claims by Lead Plaintiffs or Members of the Class to enforce the terms of the Stipulation.

16. Any and all claims for contribution and/or indemnity (whether direct, implied, or equitable) by any Person against any Defendant relating to any Settled Claim or to any claim by Members of the Class under federal, state or other law that has been or could have been asserted relating to transactions in MMC securities during the Class Period shall be barred.

17. On the Effective Date, each of the Released Parties shall be deemed conclusively to have released and settled any and all claims that have been or could have been asserted against Defendants, Lead Plaintiffs and/or Lead Counsel or Members of the Class that have not timely and validly requested exclusion relating to the institution, prosecution or settlement of the Action or the Settled Claims.

18. On the Effective Date, the Members of the Class that have not timely and validly requested exclusion shall be deemed conclusively to have released and settled all claims that have been or could have been asserted against Lead Plaintiffs and/or Lead Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims.

19. The Court finds that Lead Plaintiffs, Defendants, Lead Counsel, Defendants' Counsel, and Members of the Class that have not timely and validly requested exclusion have expressly waived any claims arising out of the Action for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Further, the Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings in this case.

20. Members of the Class that have validly and timely requested exclusion may pursue their own individual remedies, if any.

21. The Court reserves jurisdiction, without affecting the finality of this Judgment, over: (a) implementation and enforcement of the Settlement and the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) hearing and determining Lead Counsel's applications for attorneys' fees, costs, expenses, and interest in the Action and for reimbursement of costs and expenses for Lead Plaintiffs' representation of the Class pursuant to the PSLRA; (c) approving the allocation of the Settlement Fund; (d) enforcing

8

and administering the Stipulation including any releases executed in connection therewith; and (e) other matters related or ancillary to the foregoing.

22. This Court has jurisdiction over the subject matter of this Action, and all acts within this Action, and over all Parties to this Action, including all Members of the Class.

23. In the event that the Settlement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

24. The costs and expenses associated with the consummation and/or administration of the Settlement shall be paid pursuant to the terms of the Stipulation.

25. Lead Counsel is hereby awarded 13.5% of the Net Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $7,848,411.84 in reimbursement of expenses, which amounts shall be paid to Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.

26. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    (a) the Settlement is creating a fund of $400,000,000.00 and numerous Class Members that submit acceptable Proofs of Claim will benefit from the Settlement Fund created by Lead Counsel;

    (b) over 596,517 copies of the Notice were disseminated to putative Class Members indicating that Lead Counsel was moving for attorneys' fees in the amount of up to 13.5% of the Settlement Fund and for reimbursement of expenses in an amount not to exceed

$13,000,000. Only seven objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Lead Counsel contained in the Notice. Of these seven objections, only one complied with the requirements set forth in the Notice in terms of timing and form and this one objection has since been withdrawn;

 (c) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

 (d) this Action involves numerous complex factual and legal issues and was actively litigated for approximately five years and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

 (e) had Lead Counsel not achieved the Settlement a significant risk would remain that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

 (f) Lead Counsel has devoted over 309,537.80 hours, with a lodestar value of $119,556,484.25, to achieve the Settlement; and

 (g) the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair, reasonable and appropriate and consistent with the awards in similar cases.

27. The Court hereby awards the Lead Plaintiffs their reasonable costs and expenses incurred in serving as the class representatives in this Action, in the amount of $214,657.14.

28. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

29. The Court finds that no just reason exists for delay in entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith pursuant to Rule 54(b).

Dated: 23 December, 2009   12:25 pm

BY THE COURT:

_____
COLLEEN MCMAHON, U.S.D.J.

EXHIBIT A

*In re Marsh & McLennan Companies, Inc. Securities Litigation*
Civil Action No. 04-CV-08144 (CM)

**EXCLUSION REQUESTS**

1. Anthony M. Bentley
2. Bernstein Litowitz Berger & Grosmann LLP on behalf of the claimants identified in correspondence to Rust Consulting, Inc. dated December 14, 2009
3. Rose Cassidy
4. F.M. Connor
5. Harry Cooper Residuary Trust
6. Alice Cooper Trustee (DTD 11/15/99 IAS Congress Large Cap Growth)
7. Alice Cooper Trustee (DTD 11/15/99 IAS Delaware Large Cap Value)
8. EPIX Holding Corporation and subsidiaries
9. John and Dorothy Fankhauser
10. Harriet Globacki
11. Don L. Guin
12. Elinor Hughes
13. Norman R. Kouba
14. Janace E Likman
15. Rita J. Malovotte
16. Milberg LLP on behalf of the claimants identified in correspondence to Rust Consulting, Inc. dated December 11, 2009
17. Margeret Myers
18. Oregon Public Employees Retirement Board on behalf of the Oregon Public Employees Retirement Fund
19. Carol E. Ryden
20. Michael Andrew Salmon