

Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

**Grant & Eisenhofer P.A.**

485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500 • Fax: 646-722-8501

www.gelaw.com

Direct Dial: 646-722-8512
Email: kfleischman@gelaw.com

1920 L Street, N.W., Suite 400
Washington, DC 20036
Tel: 202-783-6091 • Fax: 202-350-5908



January 22, 2010

**VIA FACSIMILE**

Honorable Colleen McMahon
United States Courthouse
500 Pearl Street
New York, NY 10007-1561

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/10
```

**MEMO ENDORSED**

Re: *In re Marsh & McLennan Companies, Inc. Securities Litigation*
MDL No. 1744, Master File No. 04 Civ. 8144 (SDNY)(CM)

Dear Judge McMahon:

We write to bring to your attention an arguable inconsistency between the December 23, 2009 Final Approval Order and Judgment of Dismissal and the December 23, 2009 Decision and Order entered by the Court in the above-referenced action and to request the Court's assistance to clarify the matter.

As Your Honor is aware, the intention of Lead Plaintiffs and Lead Counsel (as presented to the Court in oral argument and in the papers in support of the settlement) was that the award of attorneys' fees be calculated as 13.5% of the total settlement amount net of expenses to be reimbursed to Lead Plaintiffs and their counsel (for a total attorneys' fee award of $52,911,485.68).[1]

This Court's Decision and Order states that the attorneys' fees awarded are 13.5% of the Settlement Fund (which would be $54,000,000). "Settlement Fund" is a defined term in the parties' Stipulation of Settlement.

The Final Approval Order and Judgment submitted to and signed by the Court states that the fees awarded are 13.5% of the capitalized term "Net Settlement Fund," which is also a defined term in the Stipulation. The inclusion of the word "Net," however, was inadvertent, as

---

[1] *See, e.g.,* Dec. 23, 2009 Transcript, p. 19:4-5 ("[w]e are moving for 13.5 percent of the net settlement funds, which is a number of about $53 million.").

the parties agreed in the Stipulation that the attorneys' fees award would be 13.5% of the Settlement Fund (and Lead Plaintiffs later voluntarily determined they would seek a slightly lower amount in fees, netting from the Settlement Fund only reimbursement of Lead Plaintiffs' and Lead Counsel's expenses). In addition, the class notice mailed to class members stated that the attorneys' fees, if any, to be awarded to Lead Counsel would not exceed 13.5% of the Settlement Fund.

Accordingly, Lead Plaintiffs and Lead Counsel respectfully request the Court's assistance to clarify that the proper attorney fee award is 13.5% of the Settlement Fund, net of reimbursement of Lead Plaintiffs' and Lead Counsel's expenses. The Marsh Defendants join in this request. We leave it to the Court's discretion to decide whether to correct the Final Approval Order and Judgment of Dismissal pursuant to Federal Rule of Civil Procedure 60(a).

If Your Honor has any questions or concerns, we are available to discuss this matter at your convenience.

Respectfully submitted,

**MEMO ENDORSED**   *Keith M. Fleischman /hmr*

Keith M. Fleischman

cc: EACH VIA EMAIL AND FIRST CLASS MAIL

Wesley G. Howell, Jr., Esq.
Gibson, Dunn & Crutcher LLP

Lawrence S. Bader, Esq.
Morvillo, Abramowitz, Grand,
Iason, & Silberberg, P.C.

Pamela Chepiga, Esq.
Allen & Overy LLP

Stanley D. Bernstein, Esq.
Bernstein Liebhard LLP

*So clarified. The award of attorneys' fees is 13.5% of the Settlement Fund, net of reimbursement of Lead Plaintiffs' and Lead Counsel's expenses.*

*Colleen McMahon*
1/26/10