**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE MARSH & MCLENNAN COMPANIES, INC. SECURITIES LITIGATION** | CIVIL ACTION<br><br>NO: 04-CV-08144 (CM) |

**SUPPLEMENTAL AFFIDAVIT OF ERIC J. MILLER**
**REGARDING COURT REVIEW REQUESTS**

STATE OF FLORIDA          )
                                              ) ss:
COUNTY OF PALM BEACH  )

ERIC J. MILLER, being duly sworn, deposes and states that:

1.      I respectfully submit this supplemental affidavit in order to provide the Court and the parties to the above-captioned litigation (the "Action") with additional information regarding the processing of Proof of Claim and Release forms ("Claim Forms" or "Claims") filed by potential Class Members determined to be ineligible and requesting Court review.  I am over 21 years of age and am not a party to this Action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I am a Managing Senior Project Administrator for Rust Consulting, Inc. ("Rust").  Rust was retained as the Claims Administrator in the Preliminary Approval Order, dated November 10, 2009.  In addition to administration duties, Rust was specifically retained to process Claim Forms, calculate Net Recognized Losses, as defined in the Plan of Allocation approved by this Court, and distribute the Net Settlement Fund to Authorized Claimants.

3.      As stated in my affidavit dated April 5, 2011, Rust reviewed each submitted Claim to determine whether it was valid and included all required information and

documentation.  Rust also reviewed the backup documentation to verify that all transactions listed occurred during the Class Period and were not purchased by an employee or purchased through an MMC company plan.

4.      Rust reviewed documentation submitted by Claimants to ascertain if any of their MMC securities were acquired through an MMC 'company plan,' (*i.e.*, MMC Retirement Plan, Mercer HR Services Retirement Plan, etc.).  After review, Rust sent a Notice of Ineligibility (attached hereto as Exhibit A) to 1,830 claimants whose documentation demonstrated that they had acquired their MMC securities through an MMC 'company plan.'

5.      The Notice of Ineligibility letter advised Claimants that they had twenty (20) days to notify Rust of their request to have the Court review Rust's determination of ineligibility pursuant to ¶ K.6(e) of the Stipulation.

6.      Of the 1,830 claimants advised of their ineligibility, 40 individual claimants have requested Court review of their Claims.  A list of those individual claimants is attached hereto as Exhibit B.

7.      After an additional review of the 40 claims requesting Court review, it was determined that:

a.   three (3) are or were employees of MMC and are participants in MMC Stock Investment Plan (401k), see Exhibit C 1-3;

b.   three (3) are or were employees of Mercer, a subsidiary of MMC, and are participants in MMC Stock Investment Supplemental Plan, see Exhibit D 1-3;

c.   seven (7) are or were employees of MMC and are participants in MMC Stock

Purchase Plan or other MMC 'company plans', see Exhibit E 1-7;

d. twenty-five (25) are or were employees of Mercer, a subsidiary of MMC, and are participants in MMC Stock Purchase Plan, see Exhibit F 1- 25; and

e. two (2), whose company employment cannot be verified, are participants in MMC Stock Purchase Plan, see Exhibit G 1-2.

8. Each of the exhibits listed in ¶ 7 above, contain: (a) excerpts of the individual claimant's claim form and documentation; and (b) complete copies of the Notice of Ineligibility and the claimant's response.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Eric J. Miller

Sworn to before me,
this 19th day of April, 2011

_____
Notary Public

LARA I. KASHDAN
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD949157
EXPIRES 12/29/2013
BONDED THRU 1-888-NOTARY1

3